UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE MCDONNEL GROUP, LLC | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| STARR SURPLUS LINES INSURANCE COMPANY | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Complainant, The McDonnel Group, LLC ("McDonnel" or "Complainant"), and alleges for its Complaint for Damages in this matter, as follows:

## PARTIES

1. Complainant McDonnel is a limited liability company organized under the laws of Louisiana with its principal place of business in Jefferson Parish and is the primary "named insured" on the policy of insurance issued by defendant Starr Surplus Lines Insurance Company.

2. Defendant Starr Surplus Lines Insurance Company ("Starr") is a foreign insurance company organized under the laws of Illinois with its principal place of business in the State of New York. Starr is engaged in the business of insurance and, on information and belief, transacts substantial insurance business in Louisiana on a surplus-lines basis.

## JURISDICTION AND VENUE

3. Jurisdiction is vested with this Honorable Court, pursuant to 28 U.S.C. § 1332, because complete diversity exists between the parties, as no member of McDonnell is a resident of the State of Illinois or the State of New York, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

1

4.      The court has personal jurisdiction over Starr, because Starr has sufficient minimum contracts with the State of Louisiana, and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

5.      Venue is proper in this judicial district, as the parties conduct business within the jurisdiction of this Honorable Court.

## FACTUAL BACKGROUND

### A.   Introduction

6.      This suit is a civil action for declaratory relief and money damages arising out of Starr's breach of its contractual obligations to provide insurance coverage and/or payment for all such losses suffered by McDonnel.

7.      Because Starr has failed to fully compensate McDonnel for its covered losses based on a total claim adjustment, thus far, of over $5 million, Starr is in breach of the insurance policy it issued to McDonnel.  Starr's failure to fully compensate McDonnel, and their failure to do so within the time specified by Louisiana law, has been arbitrary, capricious, and without probable cause, and thus, Starr is also liable to McDonnel for additional damages, consequential and/or special damages, penalties, costs, and attorneys' fees under La. Rev. Stat. 22:1892 and 22:1973.

### B.   Jung Hotel Damages and Remediation and Repair Expenses

8.      On March 10, 2017, water intrusion caused extensive physical damage during construction of the Jung Hotel.  As a result of this covered occurrence, McDonnel incurred property remediation, repair, or replacement costs, extra expenses, and substantial ongoing business income loss.  McDonnel submitted certain amounts incurred to Starr, and that submission is hereafter referred to as "Claim No. 1."

9. Subsequently, on April 21, 2017, June 29, 2017, and July 22, 2017, separate and distinct incidences of water intrusion caused additional, extensive physical damage during construction of the Jung Hotel. As a result, McDonnel incurred property remediation, repair, or replacement costs, extra expenses, and substantial ongoing business income loss. McDonnel submitted certain amounts related to and incurred as a consequence of these occurrences to Starr, and that submission is hereafter referred to as "Claim No. 2."

10. Lastly, on August 5, 2017, another separate and distinct incident of water intrusion caused additional, extensive physical damage during construction of the Jung Hotel. As a result, McDonnel incurred property remediation, repair, or replacement costs, extra expenses, and substantial ongoing business income loss. McDonnel submitted certain amounts related to and incurred as a consequence of this occurrence to Starr, and that submission is hereafter referred to as "Claim No. 3."

11. As detailed below, defendant Starr issued a builder's risk insurance policy to McDonnel covering the Jung Hotel (the "Starr Policy"). The total insured losses sustained at the Jung Hotel as a result of the four (4) claims are, to date, over $5 million (net of deductible).

12. McDonnel has employed a consultant to act on its behalf, who, to date, has calculated the total insured loss for the four incidents/claims at over $5 million, which amounts have been submitted to Starr, obligating Starr to pay these amounts.

13. Starr has paid some of the amounts owed, but has provided no legitimate reason for withholding the remaining amounts owed to McDonnel under the Starr Policy.

C.  **The Insurance Coverage**

14. The Starr Policy specifically names McDonnel as the "named insured" and indicates the "insured project" as the Jung Hotel.

15. The Starr Policy provides coverage, *inter alia*, for interior water intrusion damage to the interior of the insured project/property.

16. The Starr Policy, *inter alia*, pays for the extra costs to make temporary repairs and to expedite the permanent repair or replacement of the insured project/property, which is damaged by an insured peril.

17. The Starr Policy also provides, *inter alia*, for the payment of costs to remove and dispose of debris, to dismantle, demolish, shore, or prop up the damaged insured property/project.

18. The Starr Policy covers, *inter alia*, expenses and/or costs incurred by McDonnel related to the preparation, substantiation, and/or documentation of any claim for direct physical loss or damage to the insured property/project.

**D.     The Adjustment Process**

19. With respect to Claim No. 1, Claim No. 2, and Claim No. 3 (collectively "the Claims"), Starr was notified almost immediately of the damage, directly or through its adjuster—Integra Technical ("Integra").

20. Throughout the course of adjustment of the Claims, McDonnel has documented all expenses and supplied substantial amounts of information to Starr and/or Integra, including responding expeditiously and thoroughly to Starr and/or Integra's request for additional information and/or documentation or clarification of the amounts McDonnel has submitted.

21. McDonnel submitted insurance claims to Starr and/or Integra, consistent with the terms of the Starr Policy.

22. For Claim No. 1, McDonnel's total calculated and estimated covered expenses and losses to date is **$819,006.70**, net of deductible; however, despite numerous requests for payment, McDonnel has not received the full amount owed for this Claim from Starr.

23. For Claim No. 2, McDonnel's total calculated and estimated covered expenses and losses to date is **$1,624,724.64**, net of deductible; however, despite numerous requests for payment, McDonnel has not received the full amount owed for this Claim from Starr.

24. For Claim No. 3, McDonnel's total calculated and estimated covered expenses and losses to date is **$2,726,164.30**, net of deductible; however, despite numerous requests for payment, McDonnel has not received the full amount owed for this Claim from Starr.

25. Because of the covered occurrences, McDonnel has also suffered increased general conditions, the amount of which is still being calculated, and upon completion will be submitted to Starr.

26. McDonnel has fulfilled all conditions precedent and contractual obligations under the Starr Policy in that, *inter alia*, McDonnel has supplied satisfactory proof of its losses to date.

27. At all times, McDonnel has been fully cooperative with Starr and/or Integra and their consultants. McDonnel and its consultant sought regular meetings and constant communication, supplied massive amounts of documentation, and urged Starr/Integra's participation on a timely basis, as decisions needed to be made.

28. Notwithstanding, Starr has failed to compensate McDonnel for millions of dollars of McDonnel's total covered losses, damages, and expenses. Starr is in breach of its contractual obligations to McDonnel under the Starr Policy and owes McDonnel compensation for the remediation and/or repair costs and additional expenses incurred by McDonnel as a result of the incidents and/or occurrences forming the Claims.

29. Starr has acted arbitrarily, capriciously, and without probable cause in failing to pay amounts owed under the Starr Policy promptly; in failing to properly investigate the claim; in unreasonably delaying adjustment of the claim; in unreasonably delaying and refusing to discuss resolution of the claim; and in other acts and omissions, all in violation of the Starr Policy and Louisiana law.

30. Subcontractors of McDonnel performing work on the Jung Hotel are demanding payment for their respective services related to remediating and/or repairing the damages resulting from the incidents and/or occurrences forming the Claims, thus possibly jeopardizing the completion of the work at the Jung Hotel.

## FIRST COUNT: FOR DECLARATORY RELIEF

31. McDonnel repeats the allegations stated in the above paragraphs as if fully set forth herein.

32. An actual and justiciable controversy exists between McDonnel and Starr regarding the terms and conditions of coverage and payment under the Starr Policy, and a proper adjustment of the Claims. This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment.

33. **WHEREFORE**, McDonnel prays for this Honorable Court to declare the rights and obligations of the Parties, including but not limited to a declaration that McDonnel is entitled to full payment by Starr up to the full amounts of the claims currently submitted and those covered expenses that will be submitted in the future.

## SECOND COUNT: FOR BREACH OF CONTRACT

34. McDonnel repeats the allegations stated in the above paragraphs as if fully set forth herein.

35. McDonnel timely submitted its insurance claims for the aforementioned losses to Starr, and McDonnel has fulfilled all conditions under the Starr Policy.

36. Starr has failed to comply with their obligations under its policy of insurance issued to McDonnel and, as such, is in breach of its contract of insurance.

37. As a direct result of Starr's breach(es), McDonnel has been damaged and continues to suffer significant damages.

38. **WHEREFORE**, McDonnel prays for this Honorable Court to enter an award, in McDonnel's favor, of compensatory damages, attorneys' fees, pre and post-judgment interest, and such other and further relief as this Court may deem just and proper.

## THIRD COUNT:  INSURER BAD FAITH

39. McDonnel repeats the allegations stated in the above paragraphs as if fully set forth herein.

40. **Article 1997 Bad Faith.**  Starr's breach of its policy sold to McDonnel is in bad faith and, pursuant to Article 1997 of the Louisiana Civil Code, Starr is an obligor in bad faith; as such, McDonnel is entitled to all damages, whether foreseeable or not, that are a direct result of Starr' failure to perform, including attorneys' fees.

41. **Failure to Timely Pay**.  Pursuant to Louisiana Revised Statute 22:1892(A)(1), Starr was obligated to pay McDonnel any amounts owed to McDonnel within thirty (30) days of receipt of proof of the loss and has failed to do so.  As a result of that failure—which was arbitrary, capricious, and without probable cause—and pursuant to Louisiana Revised Statute 22:1892(B)(1), Starr is liable for all amounts due under its respective policies, plus up to fifty percent (50%) of the difference between the amount of McDonnel's claim that has been paid to

date and the amount hereafter found to be due, as well as all reasonable attorneys' fees and costs incurred in the prosecution of this action.

42. **Breach of Duty of Good Faith and Fair Dealing (Failure to Timely Adjust)**. Pursuant to Louisiana Revised Statute 22:1892(A)(3), Starr owed McDonnel a duty of good faith and fair dealing and had an affirmative duty to adjust McDonnel's claims fairly and promptly, and to make a reasonable effort to settle claims with the insured. Because Starr has breached these duties, it is liable to McDonnel for all damages as a result of the breach, including but not limited to those specified in Louisiana Revised Statute 22:1973(C).

43. **Breach of Duty of Good Faith and Fair Dealing (Failure to Timely Pay)**. Pursuant to Louisiana Revised Statute 22:1973(B)(5), Starr breached its duty of good faith and fair dealing and its affirmative duty to adjust claims fairly and promptly when it failed to pay McDonnel within sixty (60) days of receipt of satisfactory proof of the loss. Moreover, such failure was arbitrary, capricious, and without probable cause. As a result, pursuant to Louisiana Revised Statute 22:1973(B) and (C), Starr is liable for penalties in the amount of two times (2x) the damages sustained by McDonnel, among other damages.

44. **Breach of Duty of Good Faith and Fair Dealing (Misrepresenting Insurance Policy Provisions)**. Starr has intentionally and without legal basis refused to identify all policies that provide coverage for the acts alleged herein, despite the clear connexity of this matter. In light of the above, and pursuant to Louisiana Revised Statute 22:1973(B)(1), Starr has misrepresented the provisions of its policy of insurance, and those misrepresentations have resulted in McDonnel suffering significant damages, including but not limited to, expenses, attorneys' fees, and costs. As a result, pursuant to Louisiana Revised Statute 22:1973(B) and

(C), Starr is liable for all damages, as well as penalties in the amount of two times (2x) the damages sustained by Plaintiffs.

45. In the alternative, if this Court determines that any of the items described in the preceding paragraphs are not "special damages" under the meaning of Louisiana Revised Statute 22:1973(C), McDonnel seeks to recover for those items as consequential damages pursuant to Article 1997 of the Louisiana Civil Code.

46. **WHEREFORE**, McDonnel prays for this Honorable Court to enter an award, in McDonnel's favor, of statutory damages, attorneys' fees, pre and post-judgment interest, and such other and further relief as this Court may deem just and proper.

## PRAYER FOR RELIEF

47. McDonnel requests that all appropriate civil penalties be assessed against Starr, and that McDonnel receive any and all damages at law to which it is justly entitled, and thus prays for judgment against Starr, as follows:

    a. A declaration of Starr's obligations to McDonnel under the insurance policy Starr sold to McDonnel;

    b. compensatory damages, caused by the occurrences/claims and any resulting damages and/or expenses, subject to the limits of each insurance policy sold by Starr to McDonnel;

    c. all statutory penalties;

    d. McDonnel's attorneys' fees and costs of suit in this action;

    e. McDonnel's consultant and expert fees;

    f. financing costs of obtaining capital as a result of Starr's failure to make timely payments under the insurance policy it sold to McDonnel;

    g. pre and post-judgment interest in the maximum amount allowed by law;

    h. exemplary and/or punitive damages;

    i. any and all applicable multipliers; and

j. any and all other relief that this Court may deem just and proper, whether such relief sounds in law or equity.

Respectfully Submitted,

___/s/ J. Geoffrey Ormsby_____
**RANDALL A. SMITH. T.A. (No. 2117)**
**J. GEOFFREY ORMSBY (No. 24183)**
**DYLAN T. LEACH (No. 35897)**
     OF
**SMITH & FAWER LLC**
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170
Telephone: (504) 525-2200
Telecopy: (504) 525-2205
rasmith@smithfawer.com
gormsby@smithfawer.com
dleach@smithfawer.com

***Counsel for Complainant, The McDonnel Group, L.L.C.***