**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **THE MCDONNEL GROUP, LLC** | * | **CIVIL ACTION NO.  18-01380** |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION:  H** |
| | * |    **Judge Jane Triche Milazzo** |
| | * | |
| **STARR SURPLUS LINES INSURANCE** | * | **MAGISTRATE:   2** |
| **COMPANY** | * |    **Magistrate Wilkinson** |
| | * | |
| | * | **JURY DEMAND** |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**SECOND AMENDED AND RESTATED COMPLAINT FOR DAMAGES**</u>

**NOW INTO COURT**, through undersigned counsel, comes Complainant, The McDonnel Group, LLC ("McDonnel" or "Complainant"), and submits its Second Amended and Restated Complaint for Damages in this matter, as follows:

<u>**PARTIES**</u>

1.      Complainant McDonnel is a limited liability company organized under the laws of Louisiana with its principal place of business in Jefferson Parish and is the primary "named insured" on the policy of insurance issued by defendant Starr Surplus Lines Insurance Company. The members of McDonnel are BAM Ventures, L.L.C., TVM Ventures, L.L.C., and DMM Holdings, L.L.C. The sole member of BAM Ventures, L.L.C. is Allan McDonnel, who resides and is domiciled in Louisiana. The sole member of TVM Ventures, L.L.C. is Tony Montalbano, who resides and is domiciled in Louisiana. The sole member of DMM Holdings, L.L.C. is David McDonnel, who resides and is domiciled in Louisiana. Because a limited liability company is a citizen of every state in which a member is a citizen, McDonnel is a Louisiana citizen.

2.      Defendant Starr Surplus Lines Insurance Company ("Starr") is a foreign insurance company organized under the laws of Illinois with its principal place of business in the State of

New York.  Starr is engaged in the business of insurance and, on information and belief, transacts substantial insurance business in Louisiana on a surplus-lines basis.

3.     Defendant Lexington Insurance Company ("Lexington") is a foreign insurance company organized under the laws of Delaware with its principal place of business in the State of Massachusetts.  Lexington is engaged in the business of insurance and, on information and belief, transacts substantial insurance business in Louisiana on a surplus-lines basis.

## JURISDICTION AND VENUE

4.     Jurisdiction is vested with this Honorable Court, pursuant to 28 U.S.C. § 1332, because complete diversity exists between the parties, as any and all members of the members of McDonnell are citizens of the State of Louisiana and therefore not citizens of the State of Illinois, the State of Delaware, the State of Massachusetts, or the State of New York, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5.     The court has personal jurisdiction over Starr, because Starr has sufficient minimum contracts with the State of Louisiana, and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6.     Venue is proper in this judicial district, as the parties conduct business within the jurisdiction of this Honorable Court.

## FACTUAL BACKGROUND

**A.     Introduction**

7.     This suit is a civil action for declaratory relief and money damages arising out of Starr and Lexington's (collectively herein the "Insurers") breach of their contractual obligations to provide insurance coverage and/or payment for all such losses suffered by McDonnel.

8.     Because the Insurers have failed to fully compensate McDonnel for its covered losses based on a total claim adjustment, thus far, of over $5 million, the Insurers are in breach of the insurance policies they issued to McDonnel.  The Insurers' failure to fully compensate McDonnel, and their failure to do so within the time specified by Louisiana law, has been arbitrary, capricious, and without probable cause, and thus, the Insurers are also liable to McDonnel for additional damages, consequential and/or special damages, penalties, costs, and attorneys' fees under La. Rev. Stat. 22:1892 and 22:1973.

**B.**     **Jung Hotel Damages and Remediation and Repair Expenses**

9.     On March 10, 2017, water intrusion caused extensive physical damage during construction of the Jung Hotel.  As a result of this covered occurrence, McDonnel incurred property remediation, repair, or replacement costs, extra expenses, and substantial ongoing business income loss.  McDonnel submitted certain amounts incurred to the Insurers, and that submission is hereafter referred to as "Claim No. 1."

10.     Subsequently, on April 21, 2017, June 29, 2017, and July 22, 2017, separate and distinct incidences of water intrusion caused additional, extensive physical damage during construction of the Jung Hotel.  As a result, McDonnel incurred property remediation, repair, or replacement costs, extra expenses, and substantial ongoing business income loss.  McDonnel submitted certain amounts related to and incurred as a consequence of these occurrences to the Insurers, and that submission is hereafter referred to as "Claim No. 2."

11.     Lastly, on August 5, 2017, another separate and distinct incident of water intrusion caused additional, extensive physical damage during construction of the Jung Hotel.  As a result, McDonnel incurred property remediation, repair, or replacement costs, extra expenses, and substantial ongoing business income loss.  McDonnel submitted certain amounts related to and

incurred as a consequence of this occurrence to the Insurers, and that submission is hereafter referred to as "Claim No. 3."

12.    As detailed below, the Insurers each issued a builder's risk insurance policy to McDonnel covering fifty percent (50%) of the Jung Hotel (collectively totaling 100%, and referred to collectively as the "Insurance Policies").  The total insured losses sustained at the Jung Hotel as a result of the four (4) claims are, to date, over $5 million (net of deductible).

13.    McDonnel has employed a consultant to act on its behalf, who, to date, has calculated the total insured loss for the four incidents/claims at over $5 million, which amounts have been submitted to the Insurers, obligating the Insurers to pay these amounts.

14.    The Insurers have paid some of the amounts owed, but have provided no legitimate reason for withholding the remaining amounts owed to McDonnel under the Insurance Policies.

**C.    The Insurance Coverage**

15.    The Insurance Policies specifically name McDonnel as the "named insured" and indicates the "insured project" as the Jung Hotel.

16.    The Insurance Policies provide coverage, *inter alia*, for interior water intrusion damage to the interior of the insured project/property.

17.    The Insurance Policies, *inter alia*, pay for the extra costs to make temporary repairs and to expedite the permanent repair or replacement of the insured project/property, which is damaged by an insured peril.

18.    The Insurance Policies also provide, *inter alia*, for the payment of costs to remove and dispose of debris, to dismantle, demolish, shore, or prop up the damaged insured property/project.

19.    The Insurance Policies cover, *inter alia*, expenses and/or costs incurred by McDonnel related to the preparation, substantiation, and/or documentation of any claim for direct physical loss or damage to the insured property/project.

**D.    The Adjustment Process**

20.    With respect to Claim No. 1, Claim No. 2, and Claim No. 3 (collectively "the Claims"), the Insurers were notified almost immediately of the damage, directly or through their adjuster—Integra Technical ("Integra").

21.    Throughout the course of adjustment of the Claims, McDonnel has documented all expenses and supplied substantial amounts of information to Starr and/or Integra, including responding expeditiously and thoroughly to the Insurers' and/or Integra's request for additional information and/or documentation or clarification of the amounts McDonnel has submitted.

22.    McDonnel submitted insurance claims to the Insurers and/or Integra, consistent with the terms of the Insurance Policies.

23.    For Claim No. 1, McDonnel's total calculated and estimated covered expenses and losses to date is **$819,006.70**, net of deductible; however, despite numerous requests for payment, McDonnel has not received the full amount owed for this Claim from the Insurers.

24.    For Claim No. 2, McDonnel's total calculated and estimated covered expenses and losses to date is **$1,624,724.64**, net of deductible; however, despite numerous requests for payment, McDonnel has not received the full amount owed for this Claim from the Insurers.

25.    For Claim No. 3, McDonnel's total calculated and estimated covered expenses and losses to date is **$2,726,164.30**, net of deductible; however, despite numerous requests for payment, McDonnel has not received the full amount owed for this Claim from the Insurers.

26.     Because of the covered occurrences, McDonnel has also suffered increased general conditions, the amount of which is still being calculated, and upon completion will be submitted to the Insurers.

27.     McDonnel has fulfilled all conditions precedent and contractual obligations under the Insurance Policies in that, *inter alia*, McDonnel has supplied satisfactory proof of its losses to date.

28.     At all times, McDonnel has been fully cooperative with the Insurers and/or Integra and their consultants.   McDonnel and its consultant sought regular meetings and constant communication, supplied massive amounts of documentation, and urged the Insurers/Integra's participation on a timely basis, as decisions needed to be made.

29.     Notwithstanding, the Insurers have failed to compensate McDonnel for millions of dollars of McDonnel's total covered losses, damages, and expenses.   The Insurers are in breach of their contractual obligations to McDonnel under the Insurance Policies and owe McDonnel compensation for the remediation and/or repair costs and additional expenses incurred by McDonnel as a result of the incidents and/or occurrences forming the Claims.

30.     The Insurers have acted arbitrarily, capriciously, and without probable cause in failing to pay amounts owed under the Insurance Policies promptly; in failing to properly investigate the claim; in unreasonably delaying adjustment of the claim; in unreasonably delaying and refusing to discuss resolution of the claim; and in other acts and omissions, all in violation of the Insurance Policies and Louisiana law.

31.     Subcontractors of McDonnel performing work on the Jung Hotel are demanding payment for their respective services related to remediating and/or repairing the damages

resulting from the incidents and/or occurrences forming the Claims, thus possibly jeopardizing the completion of the work at the Jung Hotel.

## FIRST COUNT: FOR DECLARATORY RELIEF

32.    McDonnel repeats the allegations stated in the above paragraphs as if fully set forth herein.

33.    An actual and justiciable controversy exists between McDonnel and the Insurers regarding the terms and conditions of coverage and payment under the Insurance Policies, and a proper adjustment of the Claims.  This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment.

34.    **WHEREFORE**, McDonnel prays for this Honorable Court to declare the rights and obligations of the Parties, including but not limited to a declaration that McDonnel is entitled to full payment by the Insurers up to the full amounts of the claims currently submitted and those covered expenses that will be submitted in the future.

## SECOND COUNT: FOR BREACH OF CONTRACT

35.    McDonnel repeats the allegations stated in the above paragraphs as if fully set forth herein.

36.    McDonnel timely submitted its insurance claims for the aforementioned losses to the Insurers, and McDonnel has fulfilled all conditions under the Insurance Policies.

37.    The Insurers have failed to comply with their obligations under their policies of insurance issued to McDonnel and, as such, is in breach of their contracts of insurance.

38.    As a direct result of the Insurers' breach(es), McDonnel has been damaged and continues to suffer significant damages.

39.    **WHEREFORE**, McDonnel prays for this Honorable Court to enter an award, in McDonnel's favor, of compensatory damages, attorneys' fees, pre and post-judgment interest, and such other and further relief as this Court may deem just and proper.

### THIRD COUNT:  INSURER BAD FAITH

40.    McDonnel repeats the allegations stated in the above paragraphs as if fully set forth herein.

41.    **Article 1997 Bad Faith.**  The Insurers' breach of their policies sold to McDonnel is in bad faith and, pursuant to Article 1997 of the Louisiana Civil Code, the Insurers are obligors in bad faith; as such, McDonnel is entitled to all damages, whether foreseeable or not, that are a direct result of the Insurers' failure to perform, including attorneys' fees.

42.    **Failure to Timely Pay**.  Pursuant to Louisiana Revised Statute 22:1892(A)(1), the Insurers were obligated to pay McDonnel any amounts owed to McDonnel within thirty (30) days of receipt of proof of the loss and has failed to do so.  As a result of that failure—which was arbitrary, capricious, and without probable cause—and pursuant to Louisiana Revised Statute 22:1892(B)(1), the Insurers are liable for all amounts due under their respective policies, plus up to fifty percent (50%) of the difference between the amount of McDonnel's claim that has been paid to date and the amount hereafter found to be due, as well as all reasonable attorneys' fees and costs incurred in the prosecution of this action.

43.    **Breach of Duty of Good Faith and Fair Dealing (Failure to Timely Adjust)**.  Pursuant to Louisiana Revised Statute 22:1892(A)(3), the Insurers owed McDonnel a duty of good faith and fair dealing and had an affirmative duty to adjust McDonnel's claims fairly and promptly, and to make a reasonable effort to settle claims with the insured.  Because the Insurers

have breached these duties, their are liable to McDonnel for all damages as a result of the breach, including but not limited to those specified in Louisiana Revised Statute 22:1973(C).

44.     **Breach of Duty of Good Faith and Fair Dealing (Failure to Timely Pay)**. Pursuant to Louisiana Revised Statute 22:1973(B)(5), the Insurers breached their duty of good faith and fair dealing and their affirmative duty to adjust claims fairly and promptly when they failed to pay McDonnel within sixty (60) days of receipt of satisfactory proof of the loss. Moreover, such failure was arbitrary, capricious, and without probable cause.  As a result, pursuant to Louisiana Revised Statute 22:1973(B) and (C), the Insurers are liable for penalties in the amount of two times (2x) the damages sustained by McDonnel, among other damages.

45.     **Breach of Duty of Good Faith and Fair Dealing (Misrepresenting Insurance Policy Provisions)**. The Insurers have intentionally and without legal basis refused to identify all policies that provide coverage for the acts alleged herein, despite the clear connexity of this matter. In light of the above, and pursuant to Louisiana Revised Statute 22:1973(B)(1), the Insurers have misrepresented the provisions of their policies of insurance, and those misrepresentations have resulted in McDonnel suffering significant damages, including but not limited to, expenses, attorneys' fees, and costs.  As a result, pursuant to Louisiana Revised Statute 22:1973(B) and (C), the Insurers are liable for all damages, as well as penalties in the amount of two times (2x) the damages sustained by Plaintiffs.

46.     In the alternative, if this Court determines that any of the items described in the preceding paragraphs are not "special damages" under the meaning of Louisiana Revised Statute 22:1973(C), McDonnel seeks to recover for those items as consequential damages pursuant to Article 1997 of the Louisiana Civil Code.

47.   **WHEREFORE**, McDonnel prays for this Honorable Court to enter an award, in McDonnel's favor, of statutory damages, attorneys' fees, pre and post-judgment interest, and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

48.   McDonnel demands a trial by jury of this matter pursuant to Federal Rule of Civil Procedure 38(b) for all issues so triable.

## PRAYER FOR RELIEF

49.   McDonnel requests that all appropriate civil penalties be assessed against the Insurers, and that McDonnel receive any and all damages at law to which it is justly entitled, and thus prays for judgment against the Insurers, as follows:

a.   A declaration of the Insurers' obligations to McDonnel under the insurance policies the Insurers sold to McDonnel;

b.   compensatory damages, caused by the occurrences/claims and any resulting damages and/or expenses, subject to the limits of each insurance policy sold by the Insurers to McDonnel;

c.   all statutory penalties;

d.   McDonnel's attorneys' fees and costs of suit in this action;

e.   McDonnel's consultant and expert fees;

f.   financing costs of obtaining capital as a result of the Insurers' failure to make timely payments under the insurance policies they sold to McDonnel;

g.   pre and post-judgment interest in the maximum amount allowed by law;

h.   exemplary and/or punitive damages;

i.   any and all applicable multipliers; and

j.   any and all other relief that this Court may deem just and proper, whether such relief sounds in law or equity.

Respectfully Submitted,


*/s/ J. Geoffrey Ormsby*_____
**RANDALL A. SMITH. T.A. (No. 2117)**
**J. GEOFFREY ORMSBY (No. 24183)**
**DYLAN T. LEACH (No. 35897)**
         OF
**SMITH & FAWER LLC**
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170
Telephone: (504) 525-2200
Telecopy: (504) 525-2205
rasmith@smithfawer.com
gormsby@smithfawer.com
dleach@smithfawer.com

*Counsel for Complainant, The McDonnel Group, L.L.C.*

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that a copy of the foregoing was served on all counsel of record by the Court's CM/ECF System on this 3rd day of April, 2018

*/s/ J. Geoffrey Ormsby*_____