UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE MCDONNEL GROUP, LLC | CIVIL ACTION |
| VERSUS | NO. 18-1380 |
| STARR SURPLUS LINES INS. CO. ET AL. | SECTION "H"(2) |

## ORDER AND REASONS ON MOTION

This is a dispute between a general construction contractor and its insurers concerning the insurers' alleged failure to pay claims arising from the contractor's renovation of the Jung Hotel in New Orleans in 2017. Defendants' Motion to Compel, seeking eight forms of relief, is pending before me. Record Doc. No. 30. Plaintiff filed a timely opposition memorandum. Record Doc. No. 31. Considering the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows, subject to the order contained herein.

First, defendants seek production of construction schedules identified in their Request for Production No. 34 <u>in native format</u>. Plaintiff asserts that it has produced all responsive materials in PDF format. The difficulty with this issue arises from plaintiff's failure to comply with the applicable provisions of Rule 34. Fed. R. Civ. P. 34(b)(1)(C) provides that a requesting party "may specify the form or forms in which electronically stored information ("ESI") is to be produced." Defendants did so in Request No. 34, specifying production of "all construction schedules for the Project <u>in their native format</u> (as native files)." Record Doc. No. 30-2 at p. 16 (emphasis added). As the responding party,

plaintiff was required to "state <u>with specificity</u> the grounds for objecting to the request, including the reasons." (emphasis added). In addition, "The response may state an objection to a requested form for producing electronically stored information. <u>If the responding party objects to a requested form</u> . . . the party <u>must state the form or form it intends to use.</u>"Fed. R. Civ. P. 34(b)(2)(D) (emphasis added).

In their written response to Request No. 34, defendants complied with none of these requirements. Instead of asserting specific objections or stating that it intended to produce these clearly relevant and discoverable materials in some form other than the requested native format, defendants asserted a mindlessly deficient, boilerplate, stonewalling objection that the request was "vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence." Record Doc. No. 30-2 at p. 16.

By failing to object to production in native format, defendants waived that objection. <u>Express Lien, Inc. v. National Ass'n of Credit Mgmt, Inc.</u> 2014 WL 12767814, at *3 (E.D. La. Mar. 20, 2014)(Knowles , M.J.).  <u>See</u> <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); <u>Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); <u>McLeod, Alexander, Powell & Apffel v. Quarles</u>, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity held invalid); <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are

waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Office of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004). Moreover, the need for production in the requested, unobjected-to native format, with its associated metadata, is self-evident in this instance. Metadata provides information such as "the author, date/time of creation and date modified." Express Lien, Inc, 2014 WL 12767814, at *2. Such information in the construction schedule context, with its frequent alterations, change orders, and time sensitive but often disturbed deadlines, is relevant. The PDF files chosen by plaintiff for production are merely pictures of the materials that do not provide metadata.

Plaintiff offers no proof that production of the requested construction schedules in native format would be unduly burdensome or expensive or that native files are not the way it ordinarily maintains the construction schedules. Instead, it relies upon Rule 34(b)(2)(E)(iii), which provides that "[a] party need not produce the same electronically stored information in more than one form." Plaintiff dispossessed itself of this protection when it failed to object to production of its native files in its written response or state in its written response that it would produce all requested materials in PDF form, as required in Rule 34(b)(2)(D). To permit a responding party, in the face of a request that ESI be produced in a particular form, arbitrarily to choose some other form, would disrupt and undermine the orderly request/response/objection/confer structure and requirements of the remainder of the Rule concerning ESI. For these reasons, the motion is granted as to

Request No. 34. Plaintiff must produce all native files sought in this request, together with a new written response, signed pursuant to Fed. R. Civ. P. 26(g), clearly stating that it has done so.

Defendants' second request for relief relates to Request No. 31. Again, plaintiff's vague written response asserted both a meritless prematurity objection and a statement that it was attempting to obtain the requested materials. Even the argument in its opposition memorandum is confusing as to what responsive materials plaintiff has produced and what materials do not exist. It says in one breath that "there simply is not a written contract" with Calderara responsive to this request, while in another breath it asserts that it has produced information about its relationship with him. Record Doc. No. 31 at p. 7. Accordingly, the motion is granted in that plaintiff must provide a new written response to Request No. 31, clearly stating either that it has <u>no</u> non-privileged responsive materials in its possession, custody or control, or that it has produced <u>all</u> non-privileged responsive materials and identify those responsive materials by Bates number or other specific identifier. If plaintiff is withholding any materials responsive to this request or any other request on privilege or work product grounds, it must provide the log, as required by Fed. R. Civ. P. 26(b)(5).

The motion is also granted as to Requests for Production Nos. 12, 13, and 14 in that the current written responses are deficient and fail to comply with Fed. R. Civ. P. 34(b)(2) because they insure neither the requesting parties nor the court that <u>all</u> responsive non-privileged materials have been produced. Plaintiff must provide new written responses to these requests, clearly stating that it has produced <u>all</u> non-privileged responsive materials

in its possession, custody or control, signed pursuant to Fed. R. Civ. P. 26(g), and identify those responsive materials by Bates number or other specific identifier. If plaintiff is withholding any materials responsive to these requests on privilege or work product grounds, it must provide the log required by Fed. R. Civ. P. 26(b)(5).

As noted above, the motion is granted as to the request for a privilege log. Such a log as to <u>all</u> materials being withheld on privilege or work product grounds is required by Fed. R. Civ. P. 26(b)(5).

The motion is granted as to the request to supplement the responses with a search for emails, but only as provided herein. It appears that the parties have reached an agreement as to this supplemental search for emails and that supplementation is under way, see Record Doc. No. 31 at p. 8, although they continue to disagree about whether it has been followed. IT IS ORDERED that this agreement must be complied with, the supplemental email search and related production must be completed by the date provided below, and defendants must provide an affidavit clearly stating that they have done so.

Finally, the motion is denied insofar as it seeks an award of attorney's fees and other expenses incurred in connection with this motion. Substantial production in response to the requests has in fact been made. The principal problem with plaintiff's written responses is deficiency and obfuscation in the manner in which the responses have been made. Under these circumstances, I find that an award of attorneys fees and expenses in connection with this motion would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

All additional written responses ordered herein, together with actual production of all responsive materials, the required privilege log, and the affidavit, must be provided by plaintiff to defendants no later than October 17, 2018.

New Orleans, Louisiana, this ____3rd____ day of October, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE