UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE MCDONNEL GROUP, LLC                    CASE NO. 2:18-cv-01380-JTM-JCW

VERSUS                                     SECTION: H

STARR SURPLUS LINES INSURANCE              DIVISION: 2
COMPANY

                                           JUDGE: JANE TRICHE MILAZZO

                                           MAGISTRATE JUDGE: JOSEPH C.
                                           WILKINSON

<u>**COMPLAINT OF INTERVENTION**</u>

NOW INTO COURT, through undersigned counsel and pursuant to Federal Rules of Civil

Procedure ("FRCP") 24, comes The Jung, L.L.C. ("Jung" or "Intervenor") and for its Complaint

of Intervention avers as follows:

<u>**PARTIES**</u>

1.

Intervenor is a limited liability company organized under the laws of Louisiana and is

domiciled in Metairie, Louisiana. Jung is the owner of the Jung Hotel and Residences ("Jung

Hotel") located in New Orleans, Louisiana. The members of Jung are Generation Holdings, LLC,

The Jung Master Tenant, LLC, and Jung 1500, LLC. Generation Holdings, LLC is comprised of

five trusts: (1) The Joseph A. Jaeger Jr. Intentionally Defective Grantor Trust #1; (2) The Joseph

A. Jaeger Jr. Intentionally Defective Grantor Trust #2; (3) The Joseph A. Jaeger Jr. Amicus

Intentionally Defective Grantor Trust; (4) The Rebecca E. Jones Intentionally Defective Grantor

Trust; and (5) The Joseph A. Jaeger Jr. Irrevocable Inter Vivos Family Alaska Dynasty Trust. The

citizenship of a traditional, non-business trust, which all five of the aforementioned trusts are, is

determined by the citizenship of its trustee.[1] D. Randolph Waesche is the trustee for the first four trusts, and Craig Guidry is the trustee for the fifth trust. Both Waesche and Guidry are Louisiana domiciliaries; thus, Generation Holdings, LLC is a Louisiana domiciliary. The members of The Jung Master Tenant, LLC are The Jung Master Tenant Manager, LLC, The Jung Investor, LLC, and Generation Holdings, LLC. The Jung Master Tenant Manager, LLC's only member is Joseph A. Jaeger, Jr., a Louisiana domiciliary. Accordingly, it is a Louisiana citizen. The Jung Investor, LLC consists of seven members: (1) Generation Holdings, LLC, which, as discussed above, is a Louisiana citizen; (2) WM Interest, LLC; (3) EWE, LLC; (4) Peter Trapolin, a Louisiana domiciliary; (5) Steve Dwyer, a Louisiana domiciliary; (6) Susanne Cambre, a Louisiana domiciliary; and (7) Frank Cason, a South Carolina domiciliary. WM Interest, LLC's members are Whitney LaNasa and Matt LaNasa, both of which are Louisiana domiciliaries, making WM Interest, LLC a Louisiana citizen. EWE, LLC consists of 8 members: James E. Maurin, a Louisiana domiciliary; Lillian Crosby Maurin, a Louisiana Citizen; and 6 Louisiana trusts. Each trust's co-trustees are James E. Maurin's three daughter—Carla M. Corley, Caroline M. Gallinaro, and Margaret M. Quesinberry. All three daughters are Georgia residents, making EWE, LLC a Louisiana and Georgia citizen. Therefore, The Jung Investor is a Louisiana, South Carolina, and Georgia citizen. Lastly, as previously mentioned, Generation Holdings, LLC is also a Louisiana resident. Thus, The Jung Master Tenant, LLC is a Louisiana, South Carolina, and Georgia citizen. Finally, Jung 1500, LLC's sole member is Stonehenge Capital Company LLC, whose only member is Stonehenge Capital Corporation, an Ohio corporation with its principal place of business in Ohio. Thus, Jung 1500, LLC is an Ohio citizen. For purposes of a diversity of citizenship analysis, Jung is a citizen of Louisiana, South Carolina, Georgia, and Ohio.

---

[1] *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012 (2016); *Algiers Dev. Dist. v. Vista Louisiana, LLC*, 2017 WL 121127, at *3 (E.D. La. 2017).

2.

As pleaded in The McDonnel Group, LLC's ("McDonnel") Second Amended and Restated Complaint for Damages: (1) Plaintiff in the instant action is a limited liability company organized under the laws of Louisiana with its principal place of business in Jefferson Parish; (2) the members of McDonnel are BAM Ventures, L.L.C., TVM Ventures, L.L.C., and DMM Holdings, L.L.C; (3) the sole member of BAM Ventures, L.L.C. is Allan McDonnel, who resides and is domiciled in Louisiana; (4) the sole member of TVM Ventures, L.L.C. is Tony Montalbano, who resides and is domiciled in Louisiana; and (5) the sole member of DMM Holdings, L.L.C. is David McDonnel, who resides and is domiciled in Louisiana. Thus, McDonnel is a citizen of Louisiana.

3.

Starr Surplus Lines Insurance Company ("Starr"), defendant in the instant action, is a foreign insurance company organized under the laws of Illinois with its principal place of business in the State of New York. Starr is engaged in the business of insurance and, upon information and belief, transacts substantial insurance business in Louisiana. Thus, Starr is a citizen of Illinois and New York.

4.

Lexington Insurance Company ("Lexington"), defendant in the instant action, is a foreign insurance company organized under the laws of Delaware with its principle place of business in the State of Massachusetts. Lexington is engaged in the business of insurance and, upon information and belief, transacts substantial insurance business in Louisiana. Thus, Lexington is a citizen Delaware and Massachusetts.

## JURISDICTION

### 5.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy exceeding $75,000. No dispute exists that the amount in controversy exceeds $75,000, as Jung's claim exceeded $12 million. Additionally, complete diversity exists because all the members of the members of McDonnel are Louisiana citizens, making McDonnel a Louisiana citizen for diversity jurisdiction purposes. Pursuant to the above analysis, Jung is a citizen of Louisiana, South Carolina, and Ohio. Finally, defendants are citizens of Illinois, New York, Delaware, and Massachusetts. Thus, complete diversity exists, and this court has subject matter jurisdiction.

## FACTS

### 6.

Jung seeks to intervene as a plaintiff in this civil action for declaratory relief and money damages arising out of Starr and Lexington's (collectively, "Insurers") breach of their contractual obligations to provide insurance coverage and/or payment for all such losses suffered by McDonnel and other insureds under the Policy, including Jung (collectively, "Insureds").

### 7.

Jung and McDonnel entered into an agreement ("McDonnel Agreement") for the redevelopment and renovation of the Jung Hotel (the "Project") on or about December 23, 2014, which was subsequently modified by several change orders.

### 8.

The McDonnel Agreement required McDonnel to purchase and maintain a builder's risk policy and name Jung as an additional insured.

4

9.

Consequently, McDonnel obtained a Builder's Risk Policy from Starr, policy number SLSTCON 11024415. McDonnel is the named insured, and the policy period is from February 23, 2015 to February 23, 2017. McDonnel also obtained a Builder's Risk Policy from Lexington, policy number 207-86-707. McDonnel is the named insured, and the policy period is from February 23, 2015 to February 23, 2017 (collectively, the "Policies"). Each policy covers 50% of the Project and thus collectively totals 100% of the Project.

10.

McDonnel is the primary "named insured" on the policies of insurance issued by defendants Starr and Lexington. The Policies provide that "all owners . . . of the **INSURED PROJECT***  . . . are recognized as Additional Insured's hereunder."[2] Thus, Jung is an additional insured under the Policies.

11.

Effective February 16, 2017, in consideration of additional premium, the expiration date for the Policies was extended so that the policy was in effect at all pertinent times during the Project.

12.

As set forth in McDonnel's Second Amended and Restated Complaint for Damages, the Project experienced substantial damages and delays due to multiple incidents that fell within the coverage of the Policies. As a result, Jung submitted a claim for the following categories of damages due to project delays:

a. Completion penalties pertaining to capital loan contributions;

---

[2] Manuscript Completed Value Construction All Risks Policy, at 1.

b. Damages for delay in completion of the Apartment renovations;

c. Damages for delay in completion of the Hotel renovations;

d. Damages for the inability to host events while the Project was delayed;

e. Damages relating to hotel operations;

f. Damages relating to expenses and loses associated with project financing;

g. Damages relating to ownership labor and overhead overages; and

h. Attorney fees.

13.

Jung's damages relating to the above categories of damages, when the claim was made, totaled $12,292,486.

14.

By letter on February 8, 2018, Jung, through its representative, notified McDonnel that "[u]nder that policy, McDonnel is the sole agent for the additional insureds, including the owner." Consequently, Jung requested that "McDonnel . . . pursue this claim with the insurers and promptly report all developments to the owner."

15.

On March 14, 2018 McDonnel forwarded the aforementioned claim to the Insurer, which claim constituted satisfactory proof of loss.

16.

The Adjuster acknowledged the claim but has not timely adjusted nor substantively responded to the claim.

17.

The claim is covered by the Policies, and each claim was timely submitted by McDonnel to Starr and Lexington.

18.

Upon information and belief, despite the Insureds fulfilling all conditions and contractual obligations under the Policies and the Insurers acknowledging receipt of the claim, both Starr and Lexington have failed to honor their obligations under the Policies and have paid **nothing** with respect to Jung's claim. McDonnel followed up regarding the status of the claim repeatedly subsequent to relaying Jung's claim to the Insurers in March 2018. Payment still has not been made to Jung. On October 11, 2018, Jung notified the parties of its intent to intervene in the instant suit. On October 19, 2018, only after Jung notified Insurers of its intent to intervene in the instant suit, the Insurers sent a letter to Jung, acknowledging that they had received Jung's claim, stating that they would conduct an investigation of Jung's claim, and reserving rights to deny coverage. This letter was sent over seven months after Jung's claim was initially forwarded to Insurers.

19.

FRCP 24 provides, "On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless exiting parties adequately represent that interest." Pursuant to FRCP 24, as an insured under the Policies, Jung seeks to intervene herein to assert its right to recover its damages as an additional insured under the Policies issued by Starr and Lexington and statutory penalties.

20.

The Insurers have failed to timely adjust Jung's claim and have failed to compensate Jung **at all** for its covered losses; thus, Starr and Lexington are in breach of the insurance policies obtained by McDonnel as required by the McDonnel agreement and have violated Louisiana Revised Statutes §§ 22:1892 and 22:1973.

21.

This total failure to compensate the Insureds within the time specified under Louisiana law is in violation of Louisiana Revised Statutes §§ 22:1892 and 22:1973 and has also been arbitrary, capricious, and without probable cause. Accordingly, Starr and Lexington are liable for additional damages, consequential and/or special damages, penalties, costs, and attorneys' fees under Louisiana Revised Statutes §§ 22:1892 and 22:1973.

22.

Additionally, upon information and belief, McDonnel delivered Jung's claim to the Insurers on March 14, 2018. This delivery constituted satisfactory proof of loss under §§ 22:1892 and 22:1973. Despite acknowledging receipt of the claim, the Insurers have failed to timely respond to the claim and perform as is required pursuant to the Policies. The failure to pay the aforementioned claim within 60 days has been arbitrary, capricious, and without probable cause, and constitutes a breach of the duties of good faith and fair dealing under Louisiana Revised Statutes § 22:1973. Similarly, the failure to pay the claim within 30 days constitutes a violation of Louisiana Revised Statutes § 22:1892.

23.

Accordingly, Intervenor should be permitted to intervene herein to protect its rights and its ability to recover under the Policies issued by Starr and Lexington.

WHEREFORE, Jung respectfully prays that this Complaint of Intervention be served on all parties and that, after all due proceedings are had, there be judgment rendered in Jung's favor and against Defendants, awarding Jung the following damages:

1.  all amounts due under the policy;

2.  damages as a result of the Insurers' failure to pay;

3.  statutory damages pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973; and

4.  all other general and equitable relief which the nature of this case requires.

Respectfully submitted,

_/s/ James M. Garner_____
James M. Garner (#19589) T.A.
Peter L. Hilbert, Jr.  (#6875)
Darnell Bludworth (#18801)
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 27th Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

**COUNSEL FOR THE JUNG, L.L.C.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the U.S. mail, properly addressed and postage prepaid, and/or by electronic mail, this 23rd day of October, 2018.


                                       /s/ James M. Garner_____
                                       JAMES M. GARNER