IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE MCDONNEL GROUP, LLC**<br><br>     **Plaintiff,**<br><br>v.<br><br>**STARR SURPLUS LINES INSURANCE COMPANY AND LEXINGTON INSURANCE COMPANY**<br><br>     **Defendants.** | Case No. 2:18-cv-01380-JTM-JCW<br><br>Section: H     Division: 2<br><br>Judge: Jane Triche Milazzo<br><br>Magistrate Judge: Joseph C. Wilkinson |

### MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA *DUCES TECUM*

Defendants Starr Surplus Lines Insurance Company ("Starr") and Lexington Insurance Company ("Lexington") (collectively "Defendants") file this Memorandum in Support of their Motion to Enforce Subpoena *Duces Tecum* as follows:

#### I.    INTRODUCTION

Defendants served a subpoena *duces tecum* upon J. Caldarera & Co., Inc.[1] on June 11, 2018. *See* Ex. A, Caldarera SDT.[2] Caldarera acted as a claims consultant for The McDonnel Group, LLC ("McDonnel") during the preparation and submission of McDonnel's various insurance claims throughout 2017 and 2018. Caldarera did not respond to the subpoena. After time expired to comply with the subpoena, and when counsel for Defendants attempted to follow up with Caldarera regarding responding to the subpoena, McDonnel's counsel informed Defendants' counsel that McDonnel intended to designate Caldarera as an expert witness in this matter, and

---

[1] Joe Caldarera ("Caldarera") is the President of J. Caldarera & Co., Inc.
[2] Defendants followed the subpoena *duces tecum* with requests for the production of documents that sought documents provided to Caldarera, his invoices, and his notes created in regards to his work in this matter. McDonnel refused to produce and/or failed to produce certain responsive documents, which is the subject of a Motion to Compel that is being separately filed by Defendants.

McDonnel's counsel agreed to produce Caldarera's "entire file, including but not limited to the subpoenaed documents" on October 20, 2018[.]" Ex. B, at Sept. 4-7 Emails. On October 24, 2018, McDonnel produced Caldarera's expert report. After undersigned counsel inquired about the production Caldarera's file materials, McDonnel's counsel eventually produced portions of Caldarera's file on November 1. However, Caldarera has still failed to produce all documents sought in the subpoena *duces tecum*. Defendants' counsel have made requests for the Caldarera documents, and conferred with Caldarera's counsel[3] on this issue. As of this filing, Caldarera has refused to produce some responsive documents and failed to produce others.

Caldarera failed to object to the subpoena and/or to file a motion to quash or modify the subpoena. These failures waive any objection(s) Caldarera could have asserted, if any. Because he has waived his objections, Caldarera should produce all documents responsive to the subpoena. To date, he has not, and he does not have a basis for withholding them. Therefore, the Court should grant this Motion to Enforce and order Caldarera to produce all responsive documents. Defendants also request the Court award them their expenses and/or attorneys' fees in bringing this Motion.

## II.     FACTUAL BACKGROUND

McDonnel filed the subject action against Starr on February 9, 2018 (which was dismissed for procedural reasons) and re-filed the action on February 26, 2018. McDonnel added Lexington as a Defendant on April 4. Defendants subpoenaed documents from Caldarera on June 11. *See* Ex. A. When Caldarera failed to respond to and/or comply with the subpoena, Defendants' counsel contacted Mr. Caldarera regarding his noncompliance. McDonnel's counsel responded, stating that Caldarera is "McDonnel's expert in this case [and] [a]s such, [his] file will be produced

---

[3] Because Caldarera did not respond to the subpoena, but instead, months later, McDonnel's counsel responded via email on behalf of Caldarera and agreeing that Caldarera had received and would comply with the subpoena on October 20, 2018, undersigned counsel assumes McDonnel's counsel also represents Caldarera regarding the subpoena.

2

contemporaneously with his expert report on October 20, 2018." *See* Ex. B, at Sept. 4 11:00 a.m. Email. McDonnel's counsel subsequently confirmed that he would "produce Mr. Caldarera's entire file, including but not limited to the subpoenaed documents, on October 20, 2018[, and] Mr. Caldarera has received the subpoena and will comply with it . . . ." *Id.* at Sept. 4-7 Emails.

On October 24, 2018, McDonnel produced Caldarera's expert report in this matter, attaching certain documents from Caldarera's file as exhibits. After inquiry by Defendants' counsel, McDonnel's counsel produced what counsel purported to be Caldarera's file on November 1. However, McDonnel and Caldarera have still failed to produce all documents responsive to the subpoena. Defendants' counsel and Caldarera's counsel have exchanged multiple emails and phone calls regarding the production of Caldarera's files, but they have been unable to resolve the subject dispute. As set forth below, the requested documents should be produced, and Caldarera has no valid basis to withhold them.

### III.   ARGUMENTS

**A.   Standard of Review**

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Further, a party may serve a subpoena upon a non-party commanding the production of designated documents and seek an Order compelling the production of responsive documents if the non-party fails to comply with the subpoena. Fed. R. Civ. Proc. 45.

**B.   The Court Should Order Caldarera to Produce All Documents Responsive to the Subpoena *Duces Tecum*.**

A subpoenaed non-party has four (4) options when served with a subpoena: (1) "[I]t may ignore the subpoena"; (2) It "may comply with the subpoena"; (3) It may serve written objections

3

upon the party or attorney designated in the subpoena; or (4) It may move to modify or quash the subpoena. *See Arthur J. Gallagher & Co. v. O'Neill*, No. 17-2825, 2017 WL 5713361, at *1-2 (E.D. La. Nov. 27, 2017). The Court notes that ignoring the subpoena is the worst option and is "almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived." *Id.* at *1. This is the option that Caldarera chose, since he was supposed to comply (but did not) by June 20. Defendants emailed Caldarera about his noncompliance before finally, McDonnel's counsel responded on September 4, 2018, approximately three (3) months after Caldarera was supposed to comply with the subpoena. Ex. B.

  McDonnel's counsel responded to undersigned counsel on September 4 stating that because Caldarera would be designated as an expert witness, he would not produce his materials until the deadline to produce his expert report. Ex. B. McDonnel's counsel, on Caldarera's behalf, confirmed that Caldarera received the subpoena and that he would comply with it "by producing his entire file, including but not limited to the subpoenaed documents[.]" *Id.* Again, no objection was made to the subpoenaed documents. McDonnel produced very limited responsive documents on October 24, 2018 with Caldarera's expert report (documents attached as exhibits) and produced additional documents on November 1, 2018 (after inquiry by undersigned counsel as to why Caldarera's file had not been produced). However, Caldarera has still failed to produce all of the responsive documents, such as his invoices, notes, and other documents.

  <u>To date, Caldarera has not objected to the subpoena and no motion to modify or quash the subpoena has been filed</u>. There is no question that Caldarera's failure to timely respond and/or object to the subpoena waives his objections to producing responsive documents. *O'Neill*, 2017 WL 5713361, at *1-3; *see also Duplantier v. Bisso Marine Co. Inc.*, No. 09-8066, 2011 WL 2600995, at *3 (E.D. La. June 30, 2011) (finding that objections are waived when not asserted

within 14 days of service of the subpoena). Therefore, the Court should order Caldarera to produce *all* documents responsive to the subpoena, including, but not limited to, his invoices and notes.

## IV. CONCLUSION

As explained herein, the Court should grant Defendants' Motion to Enforce Subpoena *Duces Tecum* and Order Caldarera to comply with the June 11 subpoena and produce all documents responsive thereto. In addition, Defendants request the Court award them their expenses and/or attorneys' fees in having to bring this Motion.

Respectfully submitted this the 9th day of November, 2018.

                      **Starr Surplus Lines Insurance Company**
                      **And Lexington Insurance Company**

                      **BY:**    **/s/ Lee Ann Thigpen**
                                    Lee Ann Thigpen

**OF COUNSEL:**

James L. Warren III (PHV)
Lee Ann Thigpen (LA Bar # 36953)
James W. Gunn III (PHV)
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:    (601) 592-1010
Facsimile:     (601) 592-6060
jwarren@cwplaw.com
lthigpen@cwplaw.com
tgunn@cwplaw.com

*Attorneys for Defendants Starr Surplus Lines Insurance Co.*
*and Lexington Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Counsel is also serving an additional entity through U.S. Mail at the following address:

    J. Caldarera & Co., Inc.
    c/o Joe Caldarera
    201 Woodland Drive
    Laplace, Louisiana 70068

This the 9th day of November, 2018.

                                          /s/ Lee Ann Thigpen
                                          Lee Ann Thigpen