**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE MCDONNEL GROUP, LLC** | **CASE NO. 2:18-cv-01380-JTM-JCW** |
| **VERSUS** | **SECTION: H** |
| **STARR SURPLUS LINES INSURANCE COMPANY** | **DIVISION: 2** |
| | **JUDGE: JANE TRICHE MILAZZO** |
| | **MAGISTRATE JUDGE: JOSEPH C. WILKINSON** |

**MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE EXHIBITS L AND M FROM THE JUNG, LLC'S OPPOSITION TO DEFENDANTS' FIRST MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

The defendants have filed a Motion to Strike Exhibits L and M from The Jung, LLC's Opposition to Defendants' First Motion for Summary Judgment ("First Motion"). The Jung, LLC ("Jung") opposes this motion.

The motion further underscores the prematurity of the First Motion. The defendants seek a summary judgment when only one deposition has been completed in this case, and now move to strike the pertinent portions of the only deposition that has been completed. Obviously the defendants would like the Court to only have the benefit of the defendants' evidence, but that is not the way the summary judgment process works.  Once again, Jung submits that the motion for summary judgment should be denied so that Jung can complete depositions of additional persons with knowledge of the contractual relationship and

insurance related agreements between McDonnel and Jung, including Allan McDonnel, the insurance broker, and other individuals.

The motion first seeks to strike the deposition testimony of Mr. Grayson Bultman, who was at all pertinent times the senior project manager for McDonnel with respect to The Jung Hotel.  The motion should be denied, as Mr. Bultman, by virtue of his position on the project does have sufficient knowledge. In his deposition, he was shown the certificate of insurance that names Jung as an additional insured, and testified that the producer listed on the certificate, Arthur J. Gallagher, is McDonnel's broker, that he was familiar with Arthur J. Gallagher from his work as a project manager, and that Arthur J. Gallagher would not have been asked to issue a certificate of insurance naming Jung as an additional insured if that wasn't required by the contract. (See Rec. Doc. 113, Exhibit L, pp.  367-368). He specifically stated "to my recollection, yes" when asked if the existence of the certificate of insurance listing Jung as an additional insured indicated that was part of the contract. (*Id*. at p. 368, lns. 12-17). Given the testimony that Mr. Bultman had a recollection, the suggestion that he has no personal knowledge is unfounded.  Notably, the defendants did not attempt to traverse Mr. Bultman's testimony regarding Jung being an additional insured at all.

Similarly, the declaration of Mr. Jaeger, the manager of Jung, also reflects personal knowledge.  The declaration states that Mr. Jaeger is the manager of Jung, that he is familiar with the circumstances of Jung contracting with McDonnel, and that McDonnel agreed to procure builder's risk insurance and name Jung as an additional insured in that insurance. (See Rec. Doc. 113, Exhibit M). It further recites that all of these facts were within the

personal knowledge of Mr. Jaeger. (*Id*.). Additionally, the Construction Contract was actually signed by Mr. Jaeger. (See Rec. Doc. 113, Exhibit A). For the defendants to suggest that Mr. Jaeger does not have personal knowledge of the agreements between McDonnel and Jung regarding the construction project is unfounded.

The defendants attempt to argue that oral testimony cannot be used to alter the terms of a written contract. However, they ignore the fact that the policies of insurance issued by the defendants do not require that the agreement to name additional insureds be in writing. The defendants attempt to impose a written contract requirement when the policy wording contains no such requirement. An oral agreement to name Jung as an additional insured is not contrary to the requirements of the insurance policies.

Furthermore, defendants ignore the fact that the contract signed by Mr. Jaeger has a provision in Article 17 right before the signatures that states that the contractor is required to "purchase and maintain insurance" required in Article 11 of Document A201-2007. (*Id*.) One of the types of insurance discussed in Article 11 of A201-2007 is builders risk insurance. (See Rec. Doc. 113, Exhibit B). And in fact, McDonnel did purchase the builder's risk insurance. As such, the construction contract between the parties is embodied in at least two documents, and taken together, those documents are less than clear. Louisiana Civil Code article 2046, relied upon by defendants, only applies where the words of a contract are clear. Similarly, the case law relied upon by the defendants is inapposite, as it involves written contracts that specifically and clearly address the subject at issue. For example, the *Kenner City* case involved the contract price, which was explicitly listed in the written contract. *Kenner City v. Nationwide Public Ins. Adjusters, Inc*. 2008 WL

2388380 (E.D.La. June 9, 2008). Here, the written contract at issue does not clearly address additional insured status, and there is no reason to exclude the declaration and deposition testimony.

For the foregoing reasons, the Motion to Strike of the defendant insurers should be in all respects denied.

Respectfully submitted,

 /s/ James M. Garner
James M. Garner (#19589) T.A.
Peter L. Hilbert, Jr. (#6875)
Darnell Bludworth (#18801)
Carson M. Garand (#38229)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 27th Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

**COUNSEL FOR THE JUNG, LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the U.S. mail, properly addressed and postage prepaid, and/or by electronic mail, this 4th day of March, 2019.

 /s/ James M. Garner
JAMES M. GARNER