**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE MCDONNEL GROUP, LLC**<br><br>    **Plaintiff,**<br><br>v.<br><br>**STARR SURPLUS LINES INSURANCE COMPANY AND LEXINGTON INSURANCE COMPANY**<br><br>    **Defendants.** | Case No. 2:18-cv-01380-JTM-JCW<br><br>Section: H      Division: 2<br><br>Judge: Jane Triche Milazzo<br><br>Magistrate Judge: Joseph C. Wilkinson |

**DEFENDANTS' REPLY MEMORANDUM TO JUNG'S OPPOSITION TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

**COME NOW**, Defendants Starr Surplus Lines Insurance Company and Lexington Insurance Company (collectively "Defendants") and file this Reply Memorandum to The Jung, LLC's ("Jung") Opposition [ECF No. 123] to Defendants' Second Motion for Summary Judgment as follows:

    **I.**    **Summary of the Argument**

Jung's Complaint of Intervention alleges that it *is* an Additional Insured, and further states that *it* (Jung) made a claim under the Policies and that nothing was paid.[1] Likewise, in its Statement of Material Facts in support of its Opposition to the instant Motion, Jung states that *it* "is an additional insured under the Policies" and that "*Jung's* losses are covered under the Policies."[2] Jung's alleged damages were all consequential and delay-related, and included lost

---

[1] *See* Complaint of Intervention [51], at ¶¶ 10, 14 ("The Policies provide that 'all owners . . . of the **INSURED PROJECT\*** . . . are recognized as Additional Insured's hereunder.' Thus, Jung is an additional insured under the Policies."; "By letter on February 8, 2018, Jung . . . requested that 'McDonnel . . . pursue this claim with the insurers and promptly report all developments to the owner.'").

[2] *See* Jung's Statement of Material Facts at ¶¶ 1, 3, ECF No. 125-2.

rents, completion penalties, alleged lost profits, hotel and apartment operations overhead, loan fees and interest, attorneys' fees, and other project financing costs.[3] In its Complaint of Intervention, Jung states that its claim for damages is "covered by the Policies."[4] It further claims that because Defendants have "failed to timely adjust Jung's claim and have failed to compensate Jung **at all** for its covered losses[,]" Defendants "are liable for additional damages, consequential and/or special damages, penalties, costs, and attorneys' fees under Louisiana Revised Statutes §§ 22:1892 and 22:1973."[5]

This is Defendants' *Second* Motion for Summary Judgment. The First Motion for Summary Judgment showed that Jung was not an Additional Insured under the Policies. *See* First Motion for Summary Judgment, ECF No. 110. This Second Motion for Summary Judgment shows that even if Jung were an Additional Insured, its claim for damages is not covered under the Policies. The present issue is whether the Policies insure losses of the type alleged by Jung, and even if they do, whether such losses are excluded by any exclusion in the Policies. Under either analysis, Jung's claims fail.

Jung's Opposition to Defendants' Second Motion for Summary Judgment concedes that the Policies do not provide any coverage for *its claim* of lost rents, completion penalties, alleged lost profits, hotel and apartment operations overhead, loan fees and interest, attorneys' fees, and other project financing costs. Not one paragraph or sentence of Jung's Opposition argues otherwise, and Jung fails to quote or reference any language from the Policies to show that the Policies provide coverage for such claimed damages. This is because the Policies do not provide such coverage. In addition, Jung fails to cite any language from the Policies to show that its

---

[3] *See* Complaint of Intervention at ¶ 12, ECF No. 51.
[4] *Id*. at ¶ 17.
[5] *Id.* at ¶¶ 20-22.

claimed damages are not excluded from the Policies' Consequential Damages exclusion for loss or damage caused by or resulting from "*consequential loss, damage or expense of any kind or description including . . . delay in completion . . . .*"[6] This is because even if Jung's claimed damages could be considered insured losses (which they are not), they are all explicitly excluded in the Policies.

Instead of arguing that Jung's *own* claim for coverage under the Policies should be sustained as pled in its Complaint of Intervention, Jung is now positioning a *new* claim in its Opposition. Jung now says that it has a derivative bad faith claim, one that is based on the claims of McDonnel, and that because McDonnel was not paid for its (McDonnel's) claims on a timely basis, the Project was delayed, causing damage to Jung. This cause of action is *not* pled in Jung's Complaint of Intervention, so it is not a part of this case. Even if it were, the damages are still excluded by the Consequential Damages exclusion, and there is no basis for such a claim under Louisiana law.

Defendants are entitled to have the claims currently before the Court considered for summary judgment. Here, there is no issue of material fact regarding the nature of the claims pled in Jung's Complaint of Intervention. The Policies and the McDonnel Agreement are clear and unambiguous: there is no coverage for Jung's claims. Jung cannot create a new issue of law or generate issues of material fact by raising new claims for the first time in response to Defendants' Second Motion for Summary Judgment. Defendants are entitled to judgment as a matter of law.

---

[6] *See* Ex. B to Motion, ECF No. 114-2, Policies, Sec. III.2., at page 14 of 30 (emphasis added).

**II.    Jung Has Failed to Demonstrate the Existence of a Genuine Issue of Material Fact as to Whether its Claim is Covered Under the Policies**

**A.    Jung is not an Additional Insured under the Policies.**

In Section II of its Opposition, Jung argues that it is an Additional Insured under the Policies. That issue is not the basis for Defendants' Second Motion for Summary Judgment. That issue was the basis of Defendants' First Motion for Summary Judgment and has been fully briefed by the parties. To the extent Jung raises the argument in its Opposition, Defendants incorporate herein by reference its First Motion for Summary Judgment, Supporting Memorandum, and Reply. *See* ECF Nos. 110, 110-9, and 121.

**B.    Jung concedes Defendants' arguments that <u>Jung's</u> claims are not covered under the Policies.**

Defendants filed their Second Motion for Summary Judgment based on two grounds: 1) the Policies do not provide coverage for Jung's claimed economic losses, as they are not "direct physical loss of or damage to property insured"; and 2) alternatively, such damages are excluded under Exclusion 2.A. of the Policies (referred to herein as the "Consequential Damages" exclusion). Defendants request the following relief in their Motion: an order finding that the Policies do not provide coverage for the economic damages Jung is seeking against Defendants and dismissing with prejudice Jung's Complaint of Intervention.

Defendants, through their briefing and exhibits, have presented sufficient summary judgment evidence to demonstrate the absence of a genuine issue of material fact as to whether the Policies provide coverage for Jung's claimed economic damages and as to whether such damages are otherwise excluded by the Consequential Damages exclusion. Jung has failed to demonstrate a genuine issue of material fact. By failing to dispute or rebut Defendants' argument that the Consequential Damages exclusion applies, Jung in effect concedes Defendants' arguments.

Indeed, Jung's Opposition does not address or even mention the Consequential Damages exclusion, or attempt to claim that its economic damages constitute "direct physical loss of or damage to property insured." *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."). Jung has failed to identify any evidence in the record or to articulate how such evidence creates a genuine issue of material fact. The Policies are clear and unambiguous, and there is no question that the losses alleged by Jung are not covered thereunder, whether because they are not insured in the first place or whether they are specifically excluded. Defendants are entitled to summary judgment.

### C.     Jung's derivative claim is not properly before the Court.

Jung raises a claim for the first time in its Opposition that it is entitled to damages based on Defendants' handling of *McDonnel's* claim. Specifically, Jung claims in its Opposition that "delay damages in the amount of $12,292,486 . . . were caused by the Insurers' delays in paying **McDonnel for its covered losses**, which resulted in a delay in opening of the Jung Hotel"; further, "[b]ecause the Insurers' failure to pay [McDonnel] timely violates Louisiana Revised Statutes §§ 22:1892 and 22:1973, Jung is entitled to recover its delay damages." Opp'n at 5-6, ECF No. 123 (emphasis added). Jung is not claiming it is entitled to these delay damages as a result of Defendants' alleged failure to timely pay *Jung's* claim; rather, it is claiming entitlement to these damages because Defendants allegedly failed to timely pay *McDonnel* for *McDonnel's* claims.

It is well-settled in the Fifth Circuit that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment **is not properly before the court**." *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (emphasis added); *see*

*also Sims v. City of Madisonville*, 894 F.3d 632, 643 (5th Cir. 2018) (affirming district court's dismissal of plaintiff's claims for malicious-prosecution and liberty-deprivation because "he failed to raise those theories in his first amended complaint and could not do so for the first time on summary judgment"); *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. CV 15-1720, 2018 WL 1905734, at *3 (E.D. La. Apr. 20, 2018) ("This allegation is not properly before the Court because it was not included in Oceaneering's pleadings."). Because Jung's derivative claim based on Defendants' adjustment and payment of **McDonnel's** insurance claim was not raised in its Complaint of Intervention, it is not properly before the Court, and cannot be used as an attempt to demonstrate a genuine issue of material fact. *Id*.

### D. Jung is not entitled to statutory damages related to its newly asserted derivative claim.

Even if Jung's new derivative claim was properly asserted, the alleged delay damages are still consequential damages and would be excluded under the Policies' Consequential Damages exclusion. As set forth above in Section II.B., Jung failed to address or rebut Defendants' argument that the exclusion applies.

Jung cites to *Ochsner Clinic Foundation v. Lexington Insurance Co.*[7] for the following proposition: "The Eastern District of Louisiana has denied motions for summary judgment asserting that an insured cannot recover its delay damages resulting from an insurer's bad faith when the insured can demonstrate that the damages were directly caused by the insurer's bad faith." Opp'n at 9, ECF No. 123. In *Ochsner*, the court found that the insured "pointed to sufficient evidence supporting its claim that Lexington is liable for delay-related damages under La. Rev.

---

[7] No. 15-2313, 2016 WL 6581492 (E.D. La. Nov. 7, 2016).

Stat. § 22:1973 to defeat summary judgment." *Ochsner v. Lexington Ins. Co.*, No. CV 15-2313, 2016 WL 6581492, at *7 (E.D. La. Nov. 7, 2016).

There are several significant factors that distinguish this case. First, Ochsner, the named insured, was seeking damages for the bad faith adjustment of *its own* claim; whereas here, Jung is attempting to seek bad faith damages for the adjustment and alleged delayed payment of *McDonnel's* claims, not Jung's. Second, the insured in *Ochsner* made a business interruption claim in addition to its property claim;[8] here, the Policies do not provide business interruption coverage. Third, the insurer in *Ochsner* did not dispute (for purposes of its motion) that it acted in bad faith or that it did not cause other non-delay related damages; the sole issue of its partial motion for summary judgment was whether the insured produced sufficient evidence to support its claim that the insurer's alleged bad faith conduct *caused* delays in the reconstruction.[9]

Defendants dispute any allegations that they acted in bad faith in adjusting McDonnel's or Jung's claims or that their alleged untimely payments caused delays in the Project.

### III. This Court Should Deny Jung's Rule 56(d) Request for Further Discovery

Jung claims in the alternative that Defendants' Second Motion for Summary Judgment is premature. Jung argues that it "does not have all factual information and discovery needed to fully oppose the Insurers' Motion." Opp'n at 17, ECF No. 123.

A party "requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts'. . . . Instead, the non-moving

---

[8] "Ochsner alleges that Lexington has still not paid the full amount of Ochsner's property damage claim or business interruption losses claim." *Ochsner*, 2016 WL 6581492, at *1.

[9] "Lexington does not argue, for the purposes of this limited motion, that it did not act in bad faith or that it did not cause other non-delay related damages. Rather, Lexington's motion only seeks partial summary judgment on the issue of whether Ochsner has produced sufficient evidence to support its claim that Lexington's alleged bad faith conduct caused delays in the reconstruction of Ochsner's warehouse after the collapse of the roof." *Id.*, at *5.

7

party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (internal citations omitted). "Rule 56(d) may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate how the [requested discovery] will enable him to rebut the movant's allegations of no genuine issue of material fact." *Ticknor v. Rouse's Enters., LLC*, 2 F. Supp. 3d 882, 897 (E.D. La. 2014) (citation and internal quotation marks omitted). "[A] plaintiff's entitlement to discovery prior to ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Id.*

Jung claims it needs to take the depositions of "multiple people", including Allan McDonnel, Defendants' representatives, Clifford Hughes, and a representative of Arthur J. Gallagher. However, Jung sets forth no specific facts it believes it will obtain from these depositions, or a plausible basis for same. Instead, Jung makes the vague assertion that it "has not had an opportunity to ask [McDonnel] about Jung's status as an additional insured." Opp'n at 15, ECF No. 123. Jung's Additional Insured status is not at issue in this Motion. Jung has failed to meet its burden with its "vague assertions" that additional discovery is needed. *See Biles*, 714 F.3d at 895 ("Because the burden is on the party requesting additional discovery to show how the potential discovery, if it is obtained, will influence the outcome of the summary judgment motion, the fact that it is unclear what Appellants hoped for beyond a direct admission weighs in favor of the district court's decision."). Jung also fails to allege how its requested discovery will affect the Court's ruling on Defendants' Motion.

Jung has failed to meet its burden of showing that the requested discovery is necessary or that it will create a genuine issue of material fact. The Policies are clear and unambiguous and Jung's alleged damages (both in its Complaint in Intervention and its newly and improperly asserted damages in its Opposition briefing) are clear. No further discovery will affect their coverage (or lack thereof) under the Policies. Accordingly, this Court should deny Jung's request to conduct further discovery pursuant to Rule 56(d).

## IV.     Conclusion

For the foregoing reasons and as set forth in Defendants' Second Motion for Summary Judgement [ECF No. 114], Supporting Memorandum [ECF No. 114-4], and Statement of Undisputed Material Facts [ECF No. 114-3], the Court should grant Defendants' Second Motion for Summary Judgment and dismiss Jung's claims against Defendants. Additionally and/or alternatively, this Court should dismiss Jung's claims against Defendants for the reasons set forth in Defendants' First Motion for Summary Judgment and supporting documents [ECF No. 110].

Respectfully submitted this 11th day of March, 2019.

**Starr Surplus Lines Insurance Company
and Lexington Insurance Company**

BY:   /s/ Lee Ann Thigpen
          **Lee Ann Thigpen**

**OF COUNSEL:**

James L. Warren III (PHV)
Lee Ann Thigpen (LA Bar # 36953)
James W. Gunn III (PHV)
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200 (39201)
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:   (601) 592-1010
Facsimile:   (601) 592-6060
jwarren@cwplaw.com
lthigpen@cwplaw.com
tgunn@cwplaw.com

*Attorneys for Defendants Starr Surplus Lines
Insurance Company and Lexington Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

This the 11th day of March, 2019.

/s/ Lee Ann Thigpen
Lee Ann Thigpen