UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MCDONNEL GROUP, LLC                      CIVIL ACTION

VERSUS                                          NO. 18-1380
                                                       c/w 19-2227 & 19-2230

STARR SURPLUS LINES               SECTION "H" (2)
INSURANCE COMPANY ET AL.

## ORDER AND REASONS ON MOTION

This is a civil action for declaratory relief and money damages filed by plaintiff The McDonnel Group, LCC ("McDonnel") arising out of defendants Starr Surplus Lines Insurance Company and Lexington Insurance Company's (collectively, "Insurers") alleged breach of their contractual obligations to provide insurance coverage and/or payment for all losses suffered by McDonnel under two builder's risk insurance policies. Movant Mechanical Construction Company LLC ("Mechanical") has filed a Motion for Leave to File Intervention, Record Doc. No. 128, in which it seeks to intervene as plaintiff as a matter of right pursuant to Fed. R. Civ. P. 24(a) or, alternatively, as a permissive matter under Fed. R. Civ. P. 24(b). Mechanical bases its motion on its alleged status as an additional insured under the builder's risk policies. Record Doc. No. 128-5.

On March 8, 2019, Mechanical filed its own separate lawsuit in this court against Insurers, asserting claims identical to those included in its complaint of intervention. Record Doc. No. 1, <u>Mechanical Construction Company LLC v. Starr Surplus Lines Insurance Company et al.</u>, Civ. Action No. 19-2227 "H" (2) (E.D. La. Mar. 8, 2019). On March 18, 2019, Judge Milazzo issued an order consolidating Mechanical's separately filed

lawsuit and another lawsuit filed by a different plaintiff with the above-captioned matter. Record Doc. No. 139. On that same day, Judge Milazzo extended the remaining pretrial deadlines in this matter and set a status conference on April 2, 2019, to discuss the effect of the consolidation order. Record Doc. No. 140.

As to intervention as of right, Rule 24(a) states the following, in pertinent part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, a person is entitled to intervene as of right if the following requirements are met: (1) the motion to intervene is timely; (2) the potential intervenor asserts a "direct, substantial [and] legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) <u>the disposition of that case may impair or impede the potential intervenor's ability to protect its interest</u>; and (4) the existing parties do not adequately represent the potential intervenor's interest. <u>In re Lease Oil Antitrust Litig.</u>, 570 F.3d 244, 247, 250 (5th Cir. 2009) (quoting <u>Cajun Elect. Power Coop. v. Gulf States Utils., Inc.</u>, 940 F.2d 117, 119 (5th Cir. 1991)); <u>Ross v. Marshall</u>, 426 F.3d 745, 753 (5th Cir. 2005). "In the absence of <u>any</u> of these elements, intervention as of right must be denied." <u>Graham v. Evangeline Parish Sch. Bd.</u>, 132 F. App'x 507, 511 (5th Cir. 2005) (citing <u>United States v. Franklin Parish Sch. Bd.</u>, 47 F.3d 755, 758 (5th Cir. 1995)) (emphasis added).

As to timeliness, Mechanical seeks to intervene more than one year after this lawsuit was filed and at a time when much discovery has been completed. The Fifth Circuit has held that an intervenor of right filed a timely motion to intervene when it "sought intervention <u>before</u> discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded . . . ." <u>Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission</u>, 834 F.3d 562, 565–66 (5th Cir. 2016) (emphasis added). However, a motion to intervene "filed prior to entry of judgment favors timeliness, as most of [Fifth Circuit] case law rejecting petitions for intervention as untimely concern motions filed after judgment was entered in the litigation." <u>Edwards v. City of Houston</u>, 78 F.3d 983, 1005 (5th Cir. 1996) Although discovery has progressed in the instant matter, no judgment determining the merits of the case has been issued. Furthermore, Mechanical has agreed to move forward with all existing deadlines. Record Doc. No. 128-1 at p. 6. I find that Mechanical's motion is timely.

As to the remaining factors, I find that Mechanical has a direct, substantial, legally protectable interest in the proceedings. However, now that Mechanical's separately filed lawsuit has been consolidated with the related matters, intervention is no longer necessary to protect that interest and would merely be redundant and duplicative. As a consolidated plaintiff in this matter, Mechanical will suffer no impairment or impediment to its ability to protect and represent its interests, especially because Mechanical's complaint in these consolidated matters includes the same allegations its seeks to bring

in its complaint of intervention. For these reasons, I find that Mechanical is not entitled to intervene as of right.

As to permissive intervention, Fed. R. Civ. P. 24(b) states the following, in pertinent part: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." By consolidating Mechanical's separate lawsuit with this one, this court implicitly recognized the "common question of law or fact" between the two lawsuits that is required for consolidation under Fed. R. Civ. P. 42(a). As discussed above, however, permissive intervention is unnecessary, redundant and duplicative because the same claims Mechanical seeks to allege in its complaint of intervention have already been consolidated in this matter. For these reasons, I find that Mechanical is not entitled to permissive intervention.

For the forgoing reasons, movant Mechanical's motion for leave to intervene in this matter as of right or permissively is DENIED.

New Orleans, Louisiana, this 27th day of March, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE