UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCDONNEL GROUP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1380**<br>**c/w 19-2227; 19-2230** |
| **STARR SURPLUS LINES<br>INSURANCE COMPANY, ET AL.** | **SECTION: "H" (2)**<br>**(No. 18-1380)** |

## ORDER AND REASONS

Before the Court is Defendants' Motion (Doc. 101) appealing (1) a November 28, 2018 Order by Magistrate Judge Wilkinson that denied Defendants' motion to enforce a subpoena duces tecum and (2) a January 2, 2019 Order by Judge Wilkinson that denied Defendants' motion for reconsideration of the Court's refusal to enforce the subpoena duces tecum. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This insurance coverage dispute arises out of construction delays caused by water damage during the restoration of the Jung Hotel in downtown New Orleans. In 2014, Intervenor Plaintiff Jung, L.L.C. ("Jung") hired Plaintiff McDonnel Group, L.L.C. ("McDonnel") to oversee the renovation of the Jung Hotel. The agreement between Jung and McDonnel required McDonnel to purchase builder's risk insurance policies on the renovation project. Pursuant

1

to that agreement, McDonnel obtained insurance policies with Defendants Starr Surplus Lines Insurance Company ("Starr") and Lexington Insurance Company ("Lexington"). Each policy covered 50% of the renovation project, and together the two policies insured the project in its entirety.

McDonnel alleges that it incurred costs during the hotel renovation covered by its insurance policies with Defendants for which Defendants have refused to fully reimburse McDonnel. Intervenor Jung argues that it qualifies as an additional insured under McDonnel's policies with Defendants and that Defendants also must reimburse Jung delay-related losses it suffered during the renovation.

The parties in this suit have been engaged in discovery for months, and the process has been contentious. The discovery dispute at issue here involves a subpoena duces tecum served by Defendants on J. Caldarera & Co., Inc. on June 11, 2018.[1] J. Caldarera & Co. employs Joe Caldarera, an insurance claims consultant hired by Plaintiff McDonnel. The subpoena requested that Caldarera produce numerous records that he had created or relied on during his consultations with McDonnel regarding the hotel renovation project.[2]

On November 9, 2018, Defendants filed a motion to enforce the subpoena.[3] Defendants argued that Caldarera had produced some, but not all, of the records requested in the subpoena; that he had waived any objection to the subpoena; and that they were entitled to an order from the Court enforcing the subpoena. McDonnel opposed the motion, which was referred to Magistrate Judge Wilkinson.

---

[1] *See* Doc. 56-1.
[2] *See id.* at 7 ("Please produce Your entire file related to Your work for McDonnel for the Jung Hotel project.").
[3] *See* Doc. 56.

On November 28, 2018, Judge Wilkinson denied Defendants' motion to enforce the subpoena.[4] Judge Wilkinson's Order read, in relevant part:

> The subject subpoena was served on plaintiff's expert witness. The subpoena is overly broad in that it includes materials that are protected from discovery or disclosure by Fed. R. Civ. P. 26(b)(4)(A)-(C). In addition, when considered against the backdrop of the required disclosures the expert must make pursuant to Fed. R. Civ. P. 26(a)(2), the opportunity to depose testifying experts pursuant to Fed. R. Civ. P. 26(b)(4)(A), and the other expert materials that have already been produced through defendants' discovery requests sent directly to plaintiff, several of which are virtually identical to the subject requests delivered to plaintiff's expert, including those addressed above, I find that the additional discovery sought through this motion is unreasonably cumulative and duplicative and that defendants have had and will have through expert deposition ample opportunity through other discovery in the case to obtain this information. Fed. R. Civ. P. 26(b)(C)(i) and (ii).

Defendants on December 12, 2018, filed a motion for reconsideration of the order that denied Defendants' request to enforce the subpoena.[5] On January 2, 2019, Judge Wilkinson denied the Motion for Reconsideration. Defendants now appeal both Judge Wilkinson's initial denial of Defendants' request to enforce the subpoena duces tecum and Judge Wilkinson's denial of Defendants' request for reconsideration. Plaintiff opposes this appeal.

## **LEGAL STANDARD**

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[6] A magistrate judge is afforded

---

[4] *See* Doc. 77.
[5] *See* Doc. 93.
[6] 28 U.S.C. § 636(b)(1)(A).

3

broad discretion in resolving such motions.[7] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[8] A district judge may modify or set aside any part of the magistrate judge's order that is "clearly erroneous or is contrary to law."[9] "An order is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been committed.'"[10] An order is "'contrary to law' only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[11]

## LAW AND ANALYSIS

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(b)(2)(C) further provides,

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

---

[7] McCallon v. BP Am. Prod. Co., Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[8] FED. R. CIV. P. 72(a).
[9] *Id.*
[10] Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 768 (5th Cir. 2015) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).
[11] Ordemann v. Unidentified Party, No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008).

4

In addition to the general limits on discovery cited above, Rule 26(b)(4) provides additional limits on what parties may seek in discovery from experts.[12]

In the subpoena duces tecum served upon J. Caldarera & Co., Defendants sought, among other records, the company's "entire file related to [Caldarera's] work for McDonnel for the Jung Hotel project" and all communications sent by Joe Caldarera or his employees to McDonnel regarding the insurance claims at issue in this case.[13] Judge Wilkinson ruled that the subpoena was overly broad because it sought information protected from disclosure and that the information sought was unreasonably cumulative and duplicative because Defendants either had already received such information from McDonnel or Caldarera or could receive such information by deposing Caldarera.[14]

Judge Wilkinson's rulings were neither clearly erroneous nor contrary to law. "A district court has broad discretion in all discovery matters . . . ."[15] Rule 26 expressly provides that a district court must limit discovery requests that are unreasonably cumulative.[16] The Rule also places limits on the types of discovery that may be obtained from an expert.[17] In the subpoena duces tecum, Defendants sought numerous records that were created and used by Joe Caldarera, who McDonnel has identified as an expert in its case. Judge Wilkinson ruled that the request was overly broad because Defendants' other discovery requests sought the same material, and to the extent such

---

[12] *See* FED. R. CIV. P. 26(b)(4).
[13] *See* Doc. 56-1 at 7–8.
[14] *See* Doc. 77 at 2.
[15] Moore v. CITGO Ref. & Chemicals Co., L.P., 735 F.3d 309, 315 (5th Cir. 2013) (quoting Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 855 (5th Cir. 2000)).
[16] FED. R. CIV. P. 26(b)(2)(C)(i).
[17] *See* FED. R. CIV. P. 26(b)(4).

5

information was discoverable at all, there were other avenues of discovery by which Defendants either had already received or could receive the information. This Court agrees.

Defendants have repeatedly argued to Judge Wilkinson that J. Caldarera & Co. waived any objection it may have made to the subpoena by failing to timely respond to it. Neither of Judge Wilkinson's rulings address this argument. In support of their argument, Defendants cite to a ruling by Judge Wilkinson in a different case suggesting that failing to respond to a subpoena is "almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived."[18] While that may be true, what is equally true—and what is pointed out by Judge Wilkinson in that same ruling—is that "[t]he court retains discretion to decline to compel production of requested documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made."[19] That is exactly what Judge Wilkinson did here. Even assuming that J. Caldarera & Co. waived objections to the subpoena, Judge Wilkinson determined that the information requested by the subpoena was overly broad and impermissible under the Federal Rules. That decision was neither clearly erroneous nor contrary to law. Accordingly, this Court will not modify or set aside Judge Wilkinson's rulings denying Defendants' request to enforce the subpoena duces tecum served on J. Caldarera & Co.

---

[18] Arthur J. Gallagher & Co. v. O'Neill, No. 17-2825, 2017 WL 5713361, at *1 (E.D. La. Nov. 27, 2017), *reversed on other grounds*, No. 17-2825, 2017 WL 6524044 (E.D. La. Dec. 21, 2017) (Feldman, J.).

[19] *O'Neill*, 2017 WL 5713361, at *2 (quoting Schooler v. Wal-Mart Stores, Inc., No. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015)). *See* Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc., No. 205CV01059KJDGWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007) ("Even where the court deems the party's discovery objections . . . have been waived, it has the discretion to decline to compel production where the request far exceeds the bounds of fair discovery.").

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is **DENIED**.

New Orleans, Louisiana this 4th day of April, 2019.

*[signature]*
_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**