UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MCDONNEL GROUP, LLC | CIVIL ACTION |
| VERSUS | NO. 18-1380<br>c/w 19-2227 & 19-2230 |
| STARR SURPLUS LINES INSURANCE COMPANY ET AL. | SECTION "H"(2) |

## ORDER AND REASONS ON MOTION

This is a civil action for declaratory relief and money damages filed by plaintiff McDonnel Group, LCC ("McDonnel") arising out of defendants Starr Surplus Lines Insurance Company ("Starr") and Lexington Insurance Company's ("Lexington") (collectively, "Insurers") alleged breach of their contractual obligations to provide insurance coverage and/or payment for all losses suffered by McDonnel under two builder's risk insurance policies ("the Policies").

Intervenor Jung, LLC's ("Jung") Motion for Leave to File First Supplemental and Amending Complaint of Intervention, Record Doc. No. 148, is before me. Jung seeks to amend its complaint of intervention to assert claims under Louisiana Revised Statutes §§ 22:1892 and 22:1793 that it is entitled to recover as an additional insured under the Policies for all damages arising of Insurers' alleged bad faith, arbitrary and capricious refusal to pay McDonnel's claims in full. Record Doc. No. 148-1 at p. 3. Defendants filed a timely opposition memorandum. Record Doc. No. 160. Jung was permitted to file a reply brief. Record Doc. Nos. 165–67.

I.  PROCEDURAL BACKGROUND

McDonnel filed this action against Starr on February 9, 2018, and added Lexington as a defendant on April 4, 2018, via its second amended complaint. Record Doc. Nos. 1, 15. The district judge issued a Rule 16 scheduling order on May 22, 2018, setting June 22, 2018, as the deadline for amendment of pleadings. Record Doc. No. 29 at p. 1. The amendment deadline expired without being extended. On November 7, 2018, Jung was granted leave to intervene in this matter and filed its complaint of intervention. Record Doc. Nos. 50, 51.

The parties held a status conference on December 6, 2018, to discuss extension of scheduling order deadlines. Record Doc. No. 91. The scheduling order was subsequently modified on December 7, 2018, <u>without</u> extension of the previously expired amendment deadline. Record Doc. No. 92. On February 11, 2019, defendants filed their first motion for summary judgment against Jung, requesting that the court dismiss Jung's claims. Record Doc. No. 110. On February 20, 2019, defendants filed their second motion for summary judgment, arguing that Jung's claims are not covered under the Policies. Record Doc. No. 114. Both summary judgment motions are fully briefed and were submitted to the court on February 27, 2019, and March 13, 2019, respectively. On March 15, 2019, the parties filed a joint motion to further extend certain pre-trial deadlines, which was granted by the district judge on March 18, 2019. Record Doc. Nos. 138, 140. The previously expired amendment deadline <u>was not extended</u>. Having considered all of the submitted materials, the motion is DENIED for the following reasons.

II.     LEGAL STANDARD

When the court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "may be modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. <u>Only upon the movant's demonstration of good cause to modify the scheduling order</u> will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." <u>S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA</u>, 315 F.3d 533, 536 (5th Cir. 2003) (emphasis added). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" <u>Sw. Bell Tel. Co. v. City of El Paso</u>, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting <u>S & W Enters.</u>, 315 F.3d at 535); accord <u>Fahim v. Marriott Hotel Servs., Inc.</u>, 551 F.3d 344, 348 (5th Cir. 2008); <u>Nunez v. U.S. Postal Serv.</u>, 298 F. App'x 316, 319 (5th Cir. 2008); <u>In re Int'l Marine, LLC</u>, 2009 WL 498372, at *1–2 (E.D. La. Feb. 26, 2009).

If Rule 16(b) good cause is established, Rule 15(a) is liberal in favor of permitting amendment of pleadings. <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994); <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.</u>, 195 F.3d 765, 770 (5th Cir. 1999); <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597–98 (5th Cir.

1981). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), <u>but</u> such leave "is by no means automatic." <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." <u>Id</u>.

### III. ANALYSIS

As detailed above, the scheduling order deadline for amendment of pleadings expired on June 22, 2018, and has not been extended. Thus, Rule 16(b) governs amendment of pleadings in this matter, and Jung must establish "good cause" for its untimely amendment <u>before</u> the liberal Rule 15(a) standard might apply. As an initial matter, Jung's original memorandum in support of this motion failed to address its proposed amendment under the Rule 16(b) factors, but rather limited its briefing to the Rule 15(a) standard. Not until its reply brief was permitted did Jung argue that its proposed amendment met the Rule 16(b) "good cause" requirement. Record Doc. 165-1.

Jung's explanations for its failure timely to move for leave to amend are that it seeks "to revise the nature of its claim against the Insurers" in light of the pending motions for summary judgment and that the "interests of justice" favor allowing amendment. Record Doc. No. 148-1 at p. 9. Jung cites facts regarding Insurers' alleged bad faith in delaying payment to McDonnel following issues of water damage and broken

elevators in the Jung Hotel in March 2017. Record Doc. No. 148-1 at pp. 6–8. In explaining why its proposed revised claims were not included in its original complaint of intervention, Jung states that it acquired documents to support its bad faith claims after its intervention on November 7, 2018, during the discovery process. Record Doc. No. 165-1 at p. 3. The discovery Jung cites in support of its proposed amendment consists of document attachments to its opposition memorandum to a pending motion for summary judgment filed on March 4, 2019. I am unpersuaded by the nature and content of these materials that Jung lacked sufficient evidentiary and legal support for the new claims it now seeks to assert to include them in its original complaint of intervention at the time it was filed.

Jung also argues that its amendment is timely by pointing to this court's recent conclusion that a proposed intervention of a separate party in this matter was timely. Id. However, the standards for timeliness of intervention under Fed. R. Civ. P. 24 and for good cause under Fed. R. Civ. P. 16(b) are different and distinct. This is a proposed amendment of a pleading, not the intervention itself. Jung's explanations are unpersuasive and weigh against allowing for amendment.

As to importance, granting leave to amend to add the bad faith claims against defendants would be important to Jung because it would grant this party another potential ground for recovery. On the other hand, Jung bases its proposed claims on the premise that it is an additional insured under the Policies, and if Jung is found to not be an

additional insured in the pending motions for summary judgment, the proposed amendment will be unimportant. This factor is neutral in terms of allowing Jung to amend.

Prejudice to a defendant may occur "if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." Smith v. EMC Corp., 393 F.3d 590, 596 (5th Cir. 2004). Defendants argue that they would be prejudiced by Jung's proposed amendment in light of their two pending dispositive motions for summary judgment based on Jung's existing claims and alleged damages, both of which were filed, briefed and submitted to the court before Jung filed the present motion to amend. Record Doc. No. 160 at p. 9. "The Fifth Circuit has upheld a district court's denial of a motion to amend pleadings on numerous occasions especially when the movant has delayed until after the non-movant has filed a dispositive motion for summary judgment. Broussard v. Oryx Energy Co., 110 F. Supp. 2d 532, 541 (E.D. Tex. 2000) (emphasis in original). Courts have reasoned that granting leave to amend after the filing of a dispositive summary judgment motion "would undermine the [d]efendant's 'right to prevail on a motion that was necessarily prepared without reference to an unanticipated amended complaint.' " Id. (quoting Overseas Inns S.A. P.A. v. United States, 911 F.2d 1146, 1151 (5th Cir. 1990)). "A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." Overseas Inns, 911 F.2d at 1151.

Allowing Jung to amend its complaint of intervention to add its proposed claims against Insurers would require additional discovery by defendants and preparation of defenses for claims different than the ones they anticipated when Jung filed its original complaint of intervention. Moreover, Insurers have spent substantial time and effort on their pending motions for summary judgment in this matter. Finally, allowing Jung to amend would undermine the bases of the pending motions for summary judgment. In this regard, the potential prejudice to Insurers in allowing this untimely amendment is substantial and strongly militates against a finding of Rule 16(b) good cause.

As to the availability of a continuance to cure such prejudice, the district judge previously continued the discovery deadline and trial date in this matter <u>twice</u>. Record Doc. Nos. 92, 156. A third continuance appears unlikely, although that is a matter exclusively for the district judge to decide. The possibility of setting yet another new trial date and discovery deadline might cure the prejudice by providing defendants with time to address the new claims asserted in the proposed amendment. On the other hand, the passage of time has complicated and made more difficult their burden in doing so. Defendants have already invested time, resources and money in litigating Jung's existing claims, including through the filing of two summary judgment motions. This factor militates against allowing Jung to amend.

The Rule 16(b)(4) factors weigh against allowing Jung's untimely amendment of its complaint of intervention. Because Rule 16(b) good cause has not been established, Jung's motion is DENIED.

New Orleans, Louisiana, this __17th__ day of April, 2019.

                    JOSEPH C. WILKINSON, JR.
                    UNITED STATES MAGISTRATE JUDGE