**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE MCDONNEL GROUP, LLC** | |
| **Plaintiff,** | **Case No. 2:18-cv-01380-JTM-JCW** |
| **v.** | **c/w 19-2227; 19-2230**<br>**(Applies to 2:18cv1380)** |
| | **Section: H         Division: 2** |
| **STARR SURPLUS LINES INSURANCE COMPANY AND LEXINGTON INSURANCE COMPANY** | **Judge: Jane Triche Milazzo** |
| | **Magistrate Judge: Joseph C. Wilkinson** |
| **Defendants.** | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION**
**TO JUNG'S APPEAL OF AND OBJECTIONS TO**
**MAGISTRATE JUDGE'S APRIL 17, 2019 ORDER**

Defendants Starr Surplus Lines Insurance Company and Lexington Insurance Company (collectively "Defendants") file the following Memorandum in Opposition to The Jung, LLC's ("Jung") Appeal [ECF No. 179] of and Objections to Magistrate Judge's April 17, 2019 Order and Reasons Pursuant to Federal Rule of Civil Procedure 72 as follows:

**I.      SUMMARY OF THE ARGUMENT**

On April 17, 2019, U.S. Magistrate Judge Wilkinson entered an Order denying Jung's Motion for Leave to File First Supplemental and Amending Complaint of Intervention ("Motion to Amend"). *See* ECF No. 169. In his well-reasoned opinion, Judge Wilkinson properly found that Jung failed to establish "good cause" for its untimely amendment pursuant to Federal Rule of Civil Procedure 16(b). Judge Wilkinson cited to the correct rules and legal standards and carefully considered the four factors utilized to determine good cause under Rule 16(b). Because Judge

1

Wilkinson's Order was not clearly erroneous or contrary to law, this Court should affirm his decision.

## II.     ARGUMENT

### A.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's order within 14 days of service. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "In applying this 'clearly erroneous' standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake." *Berthelot v. Foti*, No. CIV.A. 01-3489, 2002 WL 726635, at *1 (E.D. La. Apr. 23, 2002). The district judge "may not undertake a de novo review of the magistrate's disposition." *Cordova v. Crowley Marine Servs., Inc.*, No. CIV.A. 02-2880, 2003 WL 21804986, at *1 (E.D. La. Aug. 4, 2003). Further, the appealing party may not "raise new theories or arguments in its objections that the party did not present before a magistrate judge." *Saacks v. Privilege Underwriters Reciprocal Exch.*, No. CV 16-1149, 2017 WL 434435, at *2 (E.D. La. Feb. 1, 2017). Thus, a party seeking to overcome a magistrate's decision must "overcome a high hurdle." *Id.*

### B.  The Magistrate Judge's Order finding that Jung failed to establish good cause for its untimely amendment is not clearly erroneous or contrary to law.

Jung asserts three main arguments for its contention that the Magistrate's Order was clearly erroneous: 1) "Jung simply means to clarify its claims against the defendants, not add new claims or causes of action"; 2) Defendants will not be prejudiced by the amendment because discovery is ongoing; and 3) Defendants' pending motions for summary judgment do not preclude filing an amended complaint. Memo. at 1-2, ECF No. 179-1. As set forth below, none of these arguments

have merit, and Jung has failed to overcome the high hurdle of demonstrating that the Magistrate's Order is clearly erroneous or contrary to law.

Judge Wilkinson correctly found that Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." Order at 3, ECF No. 169 (quoting *S&W Enters. L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters.*, 315 F.3d at 536, 536 n.4 ("[W]e conclude that the presence of a scheduling order renders the Rule 15 inquiry secondary."); *see also Gaudet v. Am. Home Shield Corp.*, No. 11-1857, 2013 WL 12238499, at *1 (E.D. La. Sept. 10, 2013) (citing *S&W Enters.*, 315 F.3d at 536 for same proposition).

The Fifth Circuit considers the following factors when considering untimely motions to amend pleadings: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 535 (brackets in original) (internal quotations omitted); *see also Gaudet*, 2013 WL 12238499, at *1. Judge Wilkinson carefully considered these factors and found they weighed against finding good cause for Jung's untimely amendment. As discussed below, Judge Wilkinson's Order was not clearly erroneous or contrary to law.

### 1.  Jung's explanation for its untimely Motion to Amend is inadequate.

Judge Wilkinson noted Jung's explanations for its failure to timely move for leave to amend: "to revise the nature of its claim against the Insurers in light of the pending motions for

summary judgment and that the interests of justice favor allowing amendment." Order at 4, ECF No. 169 (quoting Jung's Memo. ECF No. 148-1 at 9). Judge Wilkinson properly found that these "explanations are unpersuasive and weigh against allowing for amendment," and was unpersuaded that Jung lacked "sufficient evidentiary and legal support for the new claims it now seeks to assert" when it filed its Complaint of Intervention. Order at 5.

Jung claims the Magistrate Judge clearly erred in construing its amended complaint as asserting "new claims" against Defendants. Jung claims it "is not trying to assert new facts or new claims or a new cause of action against the Insurers" and that "[i]ts amended complaint is simply a clarification of its previous claim for damages and does not plead any new facts that were not previously asserted against the Insurers." Memo. at 7, ECF No. 179-1. This is simply incorrect. Jung's proposed amendment does not "clarify" an existing claim; rather, it completely changes Jung's theory of recovery. Jung's original Complaint alleged that ***its own claims*** for damage/losses are covered under the Policies. Whereas, Jung's proposed amendment alleges that its damages are ***derivative of McDonnel's claims***, and that its damages were caused by Defendants' alleged actions and/or inactions as to the ***adjustment of McDonnel's claims***. This theory of recovery is not pled in Jung's Complaint of Intervention. It is disingenuous for Jung to argue that this new claim is a mere "clarification."

The Alabama case cited by Jung is distinguishable and inapposite here. In *March v. Best Buy Stores, LP*, plaintiff alleged that defendant's employees stole her nude photos while servicing her personal electronic devices. 111 F. Supp. 3d 1236, 1239 (N.D. Ala. 2015). Plaintiff's proposed amended complaint sought to add allegations accounting for changes in the employee's story about how he came into possession of the photographs. *Id*. at 1243. Thus, the "functional effect" of the proposed amendment was to correct the date of the alleged theft based on the employee's

recantation of his story. *Id.* The court also noted that because the motion for leave to amend was filed *before* defendant's motion for summary judgment, allowing the proposed amendment would not cause any significant prejudice to defendant. *Id.* at 1244. The court found good cause for plaintiff's amendment. *Id.*

Unlike *March*, Jung's proposed amendment does not merely seek to correct a date or other fact previously unknown to it. Instead, the amendment asserts a totally different theory of recovery. Also unlike *March*, Jung's motion for leave was filed after two dispositive motions had been filed by Defendants and completely briefed by the parties.

### 2. The importance of Jung's amendment.

Judge Wilkinson found that this factor was neutral to allowing amendment, reasoning that on the one hand, it would grant Jung another potential ground for recovery, but conversely, would be unimportant if Jung is found not to be an Additional Insured under the Policies. Order at 5-6. Jung asserts this conclusion is clearly erroneous because 1) Jung is not asserting a new "potential ground for recovery" against the Insurers; and 2) the potential success of Defendants' First Motion for Summary Judgment should not affect the importance of Jung's amendment. Memo. at 10.

For the reasons above in Section B.1. and as explained in Defendants' Opposition [ECF No. 160] to Amend, Jung's proposed amendment does indeed assert a new ground for recovery, i.e., the recovery of damages based on the alleged bad faith adjustment of McDonnel's claims rather than its own claims. Jung offers no authority as to why Judge Wilkinson's consideration of the potential success of Defendants' Motion for Summary Judgment is clearly erroneous or contrary to law. Jung merely disagrees with Judge Wilkinson, which is insufficient to overcome the high hurdle of the clearly erroneous standard.

### 3.   Defendants will be prejudiced by Jung's proposed amendment.

Judge Wilkinson correctly found that "the potential prejudice to Insurers in allowing [Jung's] untimely amendment is substantial and strongly militates against a finding of Rule 16(b) good cause." Order at 7. Judge Wilkinson reasoned that Jung's "proposed claims against Insurers would require additional discovery by defendants and preparation of defenses for claims different than the ones they anticipated when Jung filed its original complaint of intervention[,]" and that "Insurers have spent substantial time and effort on their pending motions for summary judgment [and] . . . allowing Jung to amend would undermine the bases of the pending motions for summary judgment." *Id.*

Jung asserts that these conclusions were clearly erroneous because neither the Magistrate Judge nor Defendants identified the additional discovery that would be necessitated due to the amendment. It is obvious that Defendants would be required to propound additional written discovery and reopen certain depositions based on a newly asserted ground of recovery. Moreover, Jung has cited no authority which requires Judge Wilkinson to identify the specific additional discovery that would be required by the proposed amendment. Accordingly, Jung has failed to demonstrate that his conclusion was clearly erroneous or contrary to law.

Jung claims "[t]he Magistrate Judge was also clearly wrong in his conclusion that the pendency of the Insurers' motions for summary judgment precluded the filing of an amended complaint." Memo. at 12. This is a mischaracterization of Judge Wilkinson's finding. Judge Wilkinson did not find that the motions for summary judgment **precluded** Jung's amendment. Rather, Judge Wilkinson noted that "Insurers have spent substantial time and effort on their pending motions for summary judgment [and] . . . allowing Jung to amend would undermine the bases of the pending motions for summary judgment." Order at 7. Judge Wilkinson cited to two

6

Fifth Circuit opinions upholding the district court's denial of a motion to amend when it was filed after a motion for summary judgment. *Id*. at 6-7 (citing *Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 541 (E.D. Tex. 2000) and *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990)). In *Broussard*, the Fifth Circuit noted the "numerous occasions" it has "upheld a district court's denial of a motion to amend pleadings . . . *especially when the movant has delayed until after the non-movant has filed a dispositive motion for summary judgment*." *Broussard*, 110 F. Supp. 2d at 541 (emphasis in original) (denying plaintiffs' motion for leave to amend, as doing so "would undermine the Defendant's right to prevail on a motion that was necessarily prepared without reference to an unanticipated amended complaint") (internal citations and quotations omitted). In *Overseas*, the Fifth Circuit held that "[t]o grant Overseas leave to amend is potentially to undermine the government's right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint. . . . A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." *Overseas Inns*, 911 F.2d at 1151.

Jung cites two cases in its appeal Memorandum for the following proposition: "a pending motion for summary judgment does not *in itself* extinguish a plaintiff's right to amend its complaint." Memo. at 12 (citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) and *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984)). In *Little*, the Fifth Circuit *affirmed* district court's *denial* of plaintiff's motion to amend, and noted that it "has previously emphasized that the fact that a defendant has filed a motion for summary judgment is significant in the determination whether a plaintiff's subsequent motion to amend is timely." *Little*, 952 F.2d at 846 n.2, 847. The Fifth Circuit further noted:

> [I]ts opinion in *Zaidi v. Ehrlich,* 732 F.2d 1218 (5th Cir.1984), is not to the contrary. In *Zaidi,* this Court reasoned that a pending motion for summary

> judgment does not *in itself* extinguish a plaintiff's right to amend a complaint. . . .
> The Court did not hold that the existence of a motion for summary judgment cannot
> be a factor in the determination whether a subsequent motion to amend is timely.

*Id*. at 846 n.2.[1]

Jung also cites *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972), which held

that the district court should have allowed plaintiff's motion to amend "in the interests of justice."

This case is not instructive here, as it analyzed plaintiff's motion to amend under the more liberal

Rule 15 standard, and because the opinion was entered *prior* to the amendment of Rule 16 in 1983,

which promulgated the "good cause" requirement for modifying a scheduling order. Likewise,

*Christopher v. Mobil Oil Corp.*, 149 F.R.D. 539, 542 (E.D. Tex. 1993) also considered the

amendment under Rule 15, and is thus inapposite here.

Judge Wilkinson did not find that the pending summary judgment motions extinguished

Jung's right to amend, or were the sole factors in denying Jung's Motion to Amend. To the

contrary, the fact that the Jung's amendment came after Defendants' summary judgment motions

were filed and fully briefed was one of the several factors the Magistrate considered before

determining that the totality of factors weighed against amendment. While Jung may disagree with

the Magistrate's Order, Jung has failed to show the Order was clearly erroneous or contrary to law.

The district court may not conduct a de novo review of the Magistrate's Order. *See Cordova v.

Crowley Marine Servs., Inc.*, No. CIV.A. 02-2880, 2003 WL 21804986, at *1 (E.D. La. Aug. 4,

2003).

---

[1] *Zaidi* is further distinguishable in that the court was considering the district court's denial of a motion to amend as of right pursuant to Rule 15(a) since it was filed before a responsive pleading. *Zaidi*, 732 F.2d at 1219-20. Defendants filed a motion to dismiss, or in the alternative for summary judgment, in lieu of filing an answer. *Id.* at 1219. No discovery had been conducted.

**4.      A continuance of trial would not remedy Defendants' prejudice.**

Judge Wilkinson found that the fourth factor "militates against allowing Jung to amend." Order at 7. He noted that the district judge has previously continued the discovery deadline and trial date twice in this matter, and that a third continuance appears unlikely. *Id.*

Jung wrongly asserts that the Magistrate Judge "ignores the fact that, on April 2, 2019, while Jung's motion for leave was pending, this Court continued the trial in this matter until December 6, 2019 and extended the discovery deadline until September 2019." Memo. at 16, ECF No. 179-1. Judge Wilkinson did not ignore this fact; indeed, he cited the April 3, 2019 Order extending the discovery deadline and trial date in his Order. *See* Order at 7 (citing April 3, 2019 Order, ECF No. 156).

Jung claims that the trial date would not need to be extended again if the amendment is allowed since no new claims are being alleged. This is incorrect. Both the discovery deadline and the trial date would need to be extended if Jung's amendment is allowed based on its new theory of recovery. Jung has failed to meet its high burden of proving that the Magistrate's finding was clearly erroneous.

**C.  Rule 15 does not apply to Jung's motion for leave to amend.**

Jung claims that since the Magistrate Judge was "clearly erroneous" in his conclusion that good cause did not exist under Rule 16(b), its motion to amend should be considered under the Rule 15 standard.

Judge Wilkinson correctly held that "Jung must establish 'good cause' for its untimely amendment before the liberal Rule 15(a) standard might apply." Order at 4. Because Judge Wilkinson found that Jung failed to establish good cause, he did not consider Jung's motion under Rule 15. As set forth above, Jung has failed to show that Judge Wilkinson's Order was clearly

erroneous or contrary to law. Thus, there is no reason for the district court to analyze Jung's motion under Rule 15. As noted *supra*, the district court does not conduct a de novo review of the Magistrate's opinion. *See supra*, *Cordova*, 2003 WL 21804986, at *1. However, for the reasons set forth in Defendants' Opposition to Amend, Jung's Motion to Amend should still be denied under Rule 15(a)(2) since the proposed amendment is futile. *See* Defs.' Memo. at 10-12, ECF No. 160.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to affirm the Magistrate's Order [ECF No. 169] denying Jung's Motion for Leave to File First Supplemental and Amending Complaint of Intervention.

Respectfully submitted, this the 13th day of May, 2019.

> **Starr Surplus Lines Insurance Company and Lexington Insurance Company**
>
> BY: **/s/ Lee Ann Thigpen**_____
> **Lee Ann Thigpen**

**OF COUNSEL:**
James L. Warren III (PHV)
Lee Ann Thigpen (LA Bar # 36953)
James W. Gunn III (PHV)
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:      (601) 592-1010
Facsimile:      (601) 592-6060
jwarren@cwplaw.com
lthigpen@cwplaw.com
tgunn@cwplaw.com

*Attorneys for Defendants Starr Surplus Lines*
*Insurance Company and Lexington Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

This the 13th day of May, 2019.

/s/ Lee Ann Thigpen
Lee Ann Thigpen