# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCDONNEL GROUP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1380**<br>**c/w 19-2227; 19-2230;**<br>**19-10462** |
| **STARR SURPLUS LINES**<br>**INSURANCE COMPANY, ET AL.** | **SECTION: "H"(2)**<br>**(Applies to 18-1380)** |

## ORDER AND REASONS

Before the Court are Defendants' First Motion for Summary Judgment (Doc. 110), Motion to Strike Exhibits attached to Intervenor Plaintiff Jung, LLC's Opposition to Defendants' First Motion for Summary Judgment (Doc. 115), and Second Motion for Summary Judgment (Doc. 114). Also before the Court is Intervenor Plaintiff Jung, LLC's Appeal of the Magistrate Judge's April 17, 2019 Order and Reasons denying Jung, LLC's Motion for Leave to Amend its Complaint of Intervention (Doc. 179).

For the following reasons, Defendants' First Motion for Summary Judgment (Doc. 110) is **DENIED**, its Motion to Strike (Doc. 115) is **DENIED**, and its Second Motion for Summary Judgment (Doc. 114) is **GRANTED**. In addition, Jung's Appeal of the Magistrate Judge's April 17, 2019 Order and Reasons is **GRANTED**.

## BACKGROUND

This lawsuit arises out of the renovation of the Jung Hotel and Residences in New Orleans. In late 2014, The Jung, L.L.C. ("Jung") hired

McDonnel Group, L.L.C. ("McDonnel") to be the general contractor on the renovation. In early 2015, McDonnel purchased builder's risk insurance policies (the "Policies") from Defendants Starr Surplus Lines Insurance Company ("Starr") and Lexington Insurance Company ("Lexington").[1] Under the Policies, each Defendant insured 50% of the renovation project.[2]

The trouble began when water damaged the hotel on several occasions in 2017. The "water intrusion" events, as the parties refer to them, delayed the renovation. As the delays piled up, so did delay-related costs, which prompted McDonnel to file insurance claims for damages that it alleges were covered under the Policies. When Defendants allegedly failed to timely and properly adjust McDonnel's claims, McDonnel filed suit.[3] McDonnel seeks declaratory relief and damages for Defendants' alleged breach of contract and bad faith claim adjustment.

On October 23, 2018, Jung moved for leave to intervene in this action.[4] The Magistrate Judge granted Jung's request on November 7, 2018.[5] In its Complaint of Intervention, Jung alleges that it suffered damages as a result of Defendants' bad faith insurance practices.[6]

---

[1] Builder's risk insurance is a type of property insurance that generally insures owners, contractors, and/or subcontractors against accidental losses that arise during constructions projects. Michael A. Stover, *A Guide to Builder's Risk Insurance*, 53 TORT TRIAL & INS. PRAC. L.J. 819–20 (2018).

[2] It is undisputed that the terms and conditions of the two policies are identical. Therefore, the Court will not distinguish between the two.

[3] McDonnel's Complaint was filed on February 2, 2018. Doc. 1. An Amended Complaint was filed on February 26, 2018. Doc. 5. Finally, McDonnel filed a Second Amended Complaint on April 4, 2018. Doc. 15.

[4] *See* Doc. 36.

[5] Doc. 50.

[6] The precise nature of Jung's claims are disputed by the parties. For background purposes, it is sufficient to note that Jung seeks reimbursement for more than $12 million in delay-related costs it suffered during the renovation project.

On February 11, 2019, Defendants filed their First Motion for Summary Judgment.[7] Defendants argue in this Motion that they are entitled to summary judgment on Jung's claims because Jung's claims depend on it being insured under Defendants' Policies with McDonnel, yet Jung is neither a named insured nor an additional insured under the Policies. Jung opposes the Motion.[8] Defendants responded to Jung's Opposition with a Motion to Strike two exhibits attached to the Opposition.[9] Jung also opposes the Motion to Strike.[10]

On February 20, 2019, Defendants filed their Second Motion for Summary Judgment against Jung.[11] In it, they argue that even if Jung were insured under the Policies, Jung's claims must fail because the damages Jung seeks are not covered under and specifically excluded by the Policies.[12] Jung opposes the Motion.[13]

Since Defendants' Motions for Summary Judgment were filed, two sets of developments have transpired that have a bearing on the Motions. The ones affecting the First Motion for Summary Judgment resulted from Motions to Dismiss filed by Defendants against other since-Consolidated Plaintiffs in this case. The developments affecting the Second Motion for Summary Judgment occurred as a result of the briefing for that Motion.

---

[7] Doc. 110.

[8] Doc. 114.

[9] *See* Doc. 115.

[10] Doc. 122.

[11] Doc. 114.

[12] The difference between a claim being "not covered" under a policy and being "excluded" under a policy is more than semantics. The Policies define what is "covered" in the "Coverage" section and what is "excluded" in the "Exclusions" section. Doc. 114-2 at 22–33. Defendants first argue that the types of damages sought by Jung do not fall within the policy's coverage. Even if they did, Jung further argues that the damages fall within the policy's exclusions. Thus, it is not redundant for Defendants to argue that Jung's claims are both not covered and excluded under the policies.

[13] Doc. 123.

The first set of developments began on March 8, 2019, when Mechanical Construction Company, L.L.C. n/k/a Bernhard MCC, L.L.C. ("BMCC"), a subcontractor of McDonnel's on the Jung Hotel project, filed its own suit against Defendants.[14] Another subcontractor, All Star Electric, Inc. ("ASE"), followed shortly thereafter with the same type of claims in a separate suit.[15] Both suits generally seek the same type of relief McDonnel seeks: damages based on Defendants' alleged breach of the Policies and bad faith insurance practice. On March 18, 2019, this Court consolidated all three cases.[16]

On April 9, 2019, Defendants filed Motions to Dismiss Consolidated Plaintiffs BMCC and ASE.[17] Just as Defendants' argue with regard to Jung in their First Motion for Summary Judgment, Defendants argued in these Motions that neither BMCC nor ASE is an additional insured under the Policies. On May 31, 2019, this Court denied the Motions, holding in relevant part that the Policies were ambiguous as to whether the subcontractors were additional insureds, and that "[a]s such, it would be inappropriate to dismiss the Subcontractors' claims at this time."[18]

The developments bearing on the Second Motion for Summary Judgment began when Jung filed its Opposition on March 4, 2019.[19] Defendants had previously argued that Jung's claims must fail because the types of damages it sought—mostly delay-related damages—were not covered under the Policies. Thus, even if Jung were insured by the Policies, Defendants argued that the damages it sought were not covered by the Policies, and therefore Defendants were entitled to summary judgment against Jung.

---

[14] *See* Case No. 19-2227.
[15] *See* Case No. 19-2230.
[16] Doc. 139.
[17] Docs. 161, 162.
[18] Doc. 198.
[19] Doc. 123.

4

In response, Jung clarified its claims.[20] It was not merely seeking damages based on Defendants' alleged failure to adjust a claim made by Jung as an additional insured under the Policies. Additionally, it seeks damages allegedly caused by Defendants' failure to adjust McDonnel's claims.

In a Reply brief on March 12, 2019, Defendants argued that Jung had failed to plead its since-clarified claim and that Jung could not raise "new claims" in opposition to its Second Motion for Summary Judgment.[21] Jung countered this argument in three ways. First, on March 27, 2019, it filed a Motion for Leave to File a First Supplemental and Amending Complaint of Intervention.[22] Second, it filed a Sur-Reply regarding the Second Motion for Summary Judgment.[23] Third, after the Magistrate Judge denied Jung's Motion for Leave to amend its Complaint of Intervention, Jung filed a suit of its own.[24] Jung's Complaint in that separate suit mirrors its proposed First Supplemental and Amending Complaint of Intervention.[25] Because that suit was related to this Consolidated Action, the Court consolidated the cases on May 22, 2019.[26]

Having laid out the complicated procedural background of this Consolidated Action, the Court will now turn to the Motions pending before it. The Court will first address Defendants' Motions for Summary Judgment and their Motion to Strike before turning to Jung's Appeal of the Magistrate Judge's Order and Reasons denying Jung leave to amend its Complaint of Intervention.

---

[20] *See* Doc. 123.
[21] *See* Doc. 134 at 3.
[22] Doc. 148.
[23] Doc. 154.
[24] *See* Case No. 19-10462. This case has since been stayed.
[25] *Compare* Doc. 148-2 (First Supplemental and Amending Complaint of Intervention) *with* Doc. 1 in Case No. 19-10462.
[26] *See* Doc. 189.

# LEGAL STANDARD

## I.  Motions for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[28] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[29]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[30] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[31] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[32]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues

---

[27] Fed. R. Civ. P. 56.
[28] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[29] *Id.* at 248.
[30] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[31] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[32] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

as to which the nonmovant would bear the burden of proof at trial."[33] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[34] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[35]

## II.    Motion to Strike

Under Federal Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Nevertheless, "[a]t the summary judgment stage, materials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'"[36] "This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record."[37]

## III.    Appeal from Magistrate Judge's Order and Reasons

A district judge may refer any non-dispositive pretrial matter to a United States Magistrate Judge.[38] District judges must consider timely objections to

---

[33] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[34] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[35] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[36] LSR Consulting, LLC v. Wells Fargo Bank, N.A., 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting FED. R. CIV. P. 56(c)(2)).

[37] Maurer v. Indep. Town, 870 F.3d 380, 384 (5th Cir. 2017) (citing FED. R. CIV. P. 56(c)(1)(A)).

[38] 28 U.S.C. § 636(b)(1)(A). *See* Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

rulings by magistrates on such matters, and they must "modify or set aside any part of the order that is clearly erroneous or contrary to law."[39] "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole."[40] More specifically, "[a]n order is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been committed.'"[41] "The district court [is not permitted to] undertake a de novo review of the magistrate's disposition."[42]

## LAW AND ANALYSIS

Because this is a diversity action, Louisiana law applies.[43]

### I.    First Motion for Summary Judgment

Defendants argue in this Motion that they are entitled to summary judgment because Jung is neither a named insured nor an additional insured under the Policies, and Jung's claims depend on it being one of the two. This Court has already ruled that the Policies are ambiguous as to whether subcontractors like Consolidated Plaintiffs BMCC and ASE are additional insureds under the Policies.[44] For the same reasons, the Policies are equally

---

[39] *See* FED. R. CIV. P. 72(a).

[40] Moore v. Ford Motor Co., 755 F.3d 802, 808 n.11 (5th Cir. 2014) (quoting St. Aubin v. Quarterman, 470 F.3d 1096, 1101 (5th Cir. 2006)).

[41] Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 768 (5th Cir. 2015) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

[42] Cordova v. Crowley Marine Servs., Inc., No. 02-2880, 2003 WL 21804986, at *1 (E.D. La. Aug. 4, 2003) (Duval, J.) (citing Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s (sic) 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under s (sic) 636(b)(1)(B).").

[43] Texas Indus., Inc. v. Factory Mut. Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007) ("In diversity cases . . . federal courts look to the substantive law of the forum state.") (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

[44] Doc. 198 at 5–8.

ambiguous as to whether Jung is an additional insured.[45] Therefore, the Court is bound by Louisiana law to consider "course of conduct" evidence to determine the meaning of the Policies.[46]

"Generally, when a contract is determined to be ambiguous, an issue of material fact exists, and the matter is not ripe for summary judgment."[47] Defendants here did not submit any course of conduct evidence to support their Motion because they argued that the Policies were unambiguous and thus such evidence was both unnecessary and inappropriate. Because this Court finds that such evidence is necessary to interpret the Policies, Defendants have failed to carry their burden to show that they are entitled to summary judgment on this ground.

## II.    Motion to Strike

Defendants seek to strike from the record two exhibits (the "Exhibits") to Jung's Opposition to Defendants' First Motion for Summary Judgment. The first, marked by Jung as Exhibit L, is the transcript of the deposition of Grayson Bultman, McDonnel's senior project manager on the Jung Hotel renovation.[48] The second, marked as Exhibit M, is a declaration by Joseph A Jaeger, Jr., Jung's manager.[49]

Because this Court is denying Defendants' First Motion for Summary Judgment on grounds wholly unrelated to the Exhibits, the Court need not strike them from the record. Accordingly, the Court need not address

---

[45] *See id.*

[46] *See id.* at 7; LA. CIV. CODE art. 2053.

[47] Total Minatome Corp. v. Union Texas Prod. Corp., 766 So. 2d 685, 690 (La. App. 2 Cir. 2000) (citing Lankford v. Koch Gateway Pipeline Co., 713 So. 2d 464 (La. 1998)).

[48] *See* Doc. 113-15 (Bultman deposition transcript).

[49] *See* Doc. 113-16 (Jaeger declaration).

Defendants' arguments that certain statements in the Exhibits would not be admissible at trial.

## III. Second Motion for Summary Judgment

The Policies insure "against all risks of direct physical loss of or damage to property" involved in the Jung Hotel renovation.[50] Of particular note here, the Policies insure "direct physical loss or damage to the interior of an insured building or structure or other insured property within an insured building or structure cased by or resulting from 'Water Damage.'"[51] Additionally, the Policies specifically exclude from coverage the following types of damage:

> Consequential loss, damage, or expense of any kind or description including but not limited to loss of market or delay, liquidated damages, performance penalties, penalties for non-completion, delay in completion . . . however, the foregoing shall not exclude Delay in Completion Coverage when it is specifically made a part of [these Policies] by endorsement to [these Policies] and as limited by that endorsement.[52]

In its Complaint of Intervention, Jung seeks, in pertinent part, the following types of damages:

(a) Completion penalties pertaining to capital loan contributions;

(b) Damages for delay in completion of the Apartment renovations;

(c) Damages for delay in completion of the Hotel renovations;

(d) Damages for the inability to host events while the Project was delayed;

(e) Damages relating to hotel operations;

(f) Damages relating to expenses and losses associated with project financing;

---

[50] Doc. 114-2 at 22.
[51] *Id.* at 26.
[52] *Id.* at 29.

> (g) Damages relating to ownership labor and overhead coverages; and
>
> (h) Attorney fees[53]

Defendants argue that the damages Jung seeks cannot be characterized as direct physical loss or damage to property. As such, Defendants argue that these damages are not covered by the Policies. Defendants further argue that the damages clearly fall within the consequential losses excluded by the Policies.

In response, Jung fails to cite to any evidence to rebut Defendants' contention that the Policies both do not cover and actually exclude the types of damages Jung specifies in its Complaint of Intervention. In fact, Jung fails to even address these arguments by Defendants.

Instead, Jung responds that Defendants' Motion is premature and seeks denial of the Motion pursuant to Rule 56(d). The Rule requires a nonmovant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[54] The sought-after deposition testimony referenced by Jung's counsel in a declaration may help shed light on Jung's since-clarified claim based on Defendants' alleged failure to properly adjust McDonnel's insurance claims. It would not, however, rebut Defendants' arguments regarding the types of damages covered and excluded by the Policies. Accordingly, Jung has not pointed to sufficiently specific reasons to justify Rule 56(d) relief from Defendants' Second Motion for Summary Judgment.

Defendants carried their initial burden to show that there is no genuine issue of material fact regarding whether the specific consequential damages

---

[53] Doc. 51 at 5–6.
[54] FED. R. CIV. P. 56(d).

Jung seeks as an additional insured are either covered by or excluded by the Policies. In response, Jung failed to produce evidence or designate specific facts showing the existence of a genuine issue for trial on this particular claim. Accordingly, Defendants are entitled to summary judgment on Jung's claim that Defendants owe it delay-related damages under the Policies.[55]

To be clear, the granting of this Motion does not dispose of all of Jung's claims in this suit. As an initial matter, this ruling shall not be interpreted as holding that Jung is not an additional insured under the Policies. That remains a disputed issue of fact. As an additional matter, the granting of Defendants' Second Motion for Summary Judgment is limited to the relief Defendants sought. That is, this Court is awarding Defendants summary judgment on Jung's claim for delay-related damages as an additional insured under the Policies. This Court does not hold, however, that Defendants are entitled to summary judgment on Jung's claims for delay-related damages based on Defendants' alleged failure to properly adjust McDonnel's insurance claims. As explained further below, that claim remains.

## IV.   Appeal from the Magistrate Judge's Order and Reasons

The Magistrate Judge denied Jung's Motion for Leave to File a First Supplemental and Amending Complaint of Intervention on the ground that Jung had failed to show "good cause" for attempting to amend its pleading after this Court's deadline to amend pleadings had passed.[56] Jung argues that this Court should set aside the Magistrate Judge's ruling because he relied on "clearly erroneous" findings to support his Order and Reasons.

---

[55] To be clear, this ruling shall not be interpreted as holding that Jung is not an additional insured under the Policies. That remains a disputed issue of fact.
[56] *See* Doc. 169.

### a. Rule 16(b) "good cause"

Rule 16 directs courts to issue scheduling orders "as soon as practicable" in civil cases.[57] The Rule further provides that once a scheduling order has been issued, it "may be modified only for good cause and with the judge's consent."[58] The Fifth Circuit has held that "[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[59]

Here, the Court issued its initial scheduling order on May 22, 2019. Pursuant to that order, the parties had until June 22, 2018 to amend their pleadings. At the time the scheduling order was issued, Jung was not even a party to this suit. It was not until October 23, 2018, that Jung moved for leave to intervene in this matter. And it was not until November 7, 2018 that the Magistrate Judge allowed Jung to intervene in this matter. Thus, Jung did not become a party to this litigation until more than four months after the deadline to amend pleadings had passed.

The Fifth Circuit has instructed courts to consider four factors when determining whether a party has shown "good cause" to amend its pleadings after a court's deadline to amend pleadings has passed.[60] The factors include: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[61]

---

[57] FED. R. CIV. P. 16(b)(2).

[58] FED. R. CIV. P. 16(b)(4).

[59] Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (quoting S & W Enters., LLC v. Southtrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotations and citation omitted)).

[60] Sw. Bell Tel. Co., 346 F.3d at 546.

[61] Id. (quoting S & W Enters., LLC v, 315 F.3d at 536).

Jung argues that the Magistrate relied on clearly erroneous findings in analyzing these factors. The Court will consider each allegedly erroneous finding within the context of each factor.

### i. Jung's explanation for failing to timely seek leave to amend its Complaint of Intervention

Jung pointed out in its Reply brief in support of its Motion for Leave to amend that it would have been impossible for Jung to comply with the Court's initial deadline to amend pleadings because of when Jung became a party in this suit.[62] The Magistrate Judge, however, failed to note this fact when analyzing Jung's explanation for its failure to comply with the scheduling order.[63] In this regard, a mistake was committed.

Jung further argues that the Magistrate Judge clearly erred by referring to Jung's proposed amended complaint as containing "new claims."[64] This Court agrees.

Jung has maintained throughout this litigation that its original Complaint of Intervention alleged a claim that Defendants violated Louisiana law and caused it delay-related damages by failing to timely adjust McDonnel's insurance claims in good faith. The Complaint of Intervention, in relevant part, alleges that Defendants breached "their contractual obligations to provide insurance coverage and/or payment for all such losses suffered by McDonnel and other insureds under the Policy . . . ."[65] Jung further alleges that "[t]his total failure to compensate the Insureds within the time specified under Louisiana law" should result in Defendants being "liable for additional

---

[62] *See* Doc. 167 at 2.
[63] *See* Doc. 169 at 4–5.
[64] *Id.* at 5.
[65] Doc. 51 at 4, ¶6.

damages, consequential and/or special damages, penalties, costs, and attorneys' fees under Louisiana Revised Statutes §§ 22:1892 and 22:1973."[66]

This Court is mindful of Rule 8's directive to construe pleadings "so as to do justice."[67] Even though the gravamen of Jung's Complaint of Intervention sounds in a claim related to Jung's direct damages, the Complaint of Intervention—particularly construed in light of McDonnel's Second Amended Complaint—alleged sufficient facts to put Defendants on notice of a claim by Jung based on Defendants' alleged bad faith adjustment of McDonnel's claims.

The Magistrate Judge held that he was "unpersuaded" that "Jung lacked sufficient evidentiary and legal support for the new claims it now seeks to assert to include them in its original complaint of intervention at the time it was filed."[68] This Court finds that Jung is not, in fact, asserting new claims. Taken together with the fact that it would have been impossible for Jung to comply with the Court's original deadline to amend pleadings, this factor should have weighed in favor of a finding of good cause.

### ii. The importance of Jung's proposed amendment

Analyzing this factor, the Magistrate Judge came to the following conclusion:

> As to importance, granting leave to amend to add the bad faith claims against defendants would be important to Jung because it would grant this party another potential ground for recovery. On the other hand, Jung bases its proposed claims on the premise that it is an additional insured under the Policies, and if Jung is found to not be an additional insured in the pending motions for summary judgment, the proposed amendment will be

---

[66] *Id.* at 8, ¶21.
[67] FED. R. CIV. P. 8(e).
[68] Doc. 169 at 5.

unimportant. This factor is neutral in terms of allowing Jung to amend.[69]

Although the Magistrate Judge had no way of knowing this at the time he ruled on Jung's Motion, this Court rules today that Defendants have not carried their burden to warrant summary judgment on whether Jung is an additional insured under the Policies. Nevertheless, this Court also has found that the clarified claims in Jung's proposed amended pleading would not constitute "another potential ground for recovery" because Jung sufficiently alleged the claim at issue in its original Complaint of Intervention.

To the extent that Jung's First Supplemental and Amending Complaint helps clarify Jung's position in this litigation, it likely will result in more targeted discovery. Because Defendants are now more clearly informed of Jung's precise claims in this case, they can now prepare more informed defenses. Taken together, these factors show that the amendment is important, and this factor also weighs in favor of a finding of good cause.

### iii. The potential prejudice in allowing the amendment

The Magistrate Judge reasoned that "the potential prejudice to Insurers in allowing this untimely amendment is substantial and strongly militates against a finding of Rule 16(b) good cause."[70] To support this finding, he wrote:

> Allowing Jung to amend its complaint of intervention to add its proposed claims against Insurers would require additional discovery by defendants and preparation of defenses for claims different than the ones they anticipated when Jung filed its original complaint of intervention. Moreover, Insurers have spent substantial time and effort on their pending motions for summary judgment in this matter. Finally, allowing Jung to amend would

---

[69] Doc. 169 at 5–6.
[70] Doc. 169 at 7.

undermine the bases of the pending motions for summary judgment.[71]

It is unclear to this Court that additional discovery will be necessary in light of Jung's amended pleading. Defendants argue that "[i]t is obvious that Defendants would be required to propound additional written discovery and reopen certain depositions based on a newly asserted ground of recovery."[72] Neither Defendants nor the Magistrate Judge, however, specify what additional discovery will be necessary. Jung's clarified claims mirror McDonnel's main claim in that they rely on Defendants' alleged failure to adjust McDonnel's insurance claims as the cause of Jung's damages. Further, Defendants have long been on notice of the delay-related damages Jung seeks, which were apparent in Jung's original Complaint of Intervention. Finally, and perhaps most importantly, this Court's late September 2019 discovery deadline had been set nearly two weeks before the Magistrate Judge ruled on Jung's Motion for Leave to amend its Complaint of Intervention. Even if allowing the amendment would have resulted in "additional" discovery, Defendants would not have been seriously prejudiced because—even now, several months after Jung's Motion was filed—the parties still have several months to conduct discovery.

Furthermore, allowing the amended pleading does not undermine Defendants' pending Motions for Summary Judgment. This Court is denying Defendants' First Motion for Summary Judgment on grounds unrelated to Jung's proposed amended pleading. As for the Second Motion for Summary Judgment, this Court is granting it. To the extent Jung sought delay-related damages pursuant to the Policies, that claim is now dismissed. To the extent

---

[71] *Id.*
[72] Doc. 188 at 6.

Jung sought the same or similar damages on other grounds, Defendants have not moved for summary judgment on those claims.

In the Fifth Circuit, "a pending motion for summary judgment does not *in itself* extinguish a plaintiff's right to amend a complaint."[73] At least one other court in this Circuit has granted a plaintiff leave to amend where the defendant had filed a motion for summary judgment six months before the plaintiff moved for leave to amend.[74] Here, Defendants' Motions for Summary Judgment were filed only about three months after Jung intervened in this suit, and Jung moved to amend its Complaint of Intervention less than two months after Defendants' filed their Motions. Most importantly, allowing Jung leave to amend does not in any way affect this Court's decisions on Defendants' Motions for Summary Judgment.

For the foregoing reasons, this Court finds that Defendants will not be seriously prejudiced by allowing Jung leave to amend its Complaint of Intervention.

### iv. The availability of a continuance to cure such prejudice

The Magistrate Judge ruled that this factor "militates against allowing Jung to amend" because "the passage of time has complicated and made more difficult" Defendants' ability to address Jung's claims in its proposed amended pleading.[75] This Court has already found that Jung pleaded sufficient allegations to put Defendants on notice of its now-clarified claims. This Court

---

[73] Little v. Liquid Air Corp., 952 F.2d 841, 846 n.2 (5th Cir. 1992) (emphasis in original) (citing Zaidi v. Ehrlich, 732 F.2d 1218 (5th Cir. 1984)), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994).

[74] *See* Christopher v. Mobil Oil Corp., 149 F.R.D. 539, 543–46 (E.D. Tex. 1993).

[75] Doc. 169 at 7.

has further found that Defendants will not be seriously prejudiced—if prejudiced at all—by allowing Jung leave to amend. Accordingly, this factor does not weigh against granting leave to amend.

For all of the foregoing reasons, Jung has shown good cause for failing to timely amend its Complaint of Intervention.[76]

### b. Rule 15(a) leave

Once a party establishes good cause for a post-deadline pleading amendment, the court must freely grant leave to amend pursuant to Federal Rule 15(a) absent a substantial reason to deny the request.[77] The Supreme Court has held that Rule 15's mandate to "freely give" leave to amend pleadings "is to be heeded" absent factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[78] The Fifth Circuit has held that "[t]he touchstone for denial of leave to amend under Rule 15(a) is prejudice."[79]

Because the Magistrate Judge held that Jung failed to show good cause pursuant to Rule 16(b), he did not reach the issue of whether leave should be granted pursuant to Rule 15(a). This Court has already found that Defendants will not be seriously prejudiced if Jung is granted leave to amend its Complaint

---

[76] To the extent the Magistrate Judge found differently, his ruling was clearly erroneous.

[77] *See Sw. Bell Tel. Co.*, 346 F.3d at 546; FED. R. CIV. P. 15(a); Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 994 (5th Cir. 2005).

[78] Foman v. Davis, 371 U.S. 178, 182 (1962). *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (noting that leave should be freely given absent factors identified by the Supreme Court as reasons to deny leave).

[79] Dueling v. Devon Energy Corp., 623 F. App'x 127, 130 (5th Cir. 2015).

of Intervention. Additionally, Defendants have not shown that any other substantial reason exists to deny Jung leave to amend its pleading.

"Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial."[80] Defendants were put on notice of Jung's since-clarified claim when Jung filed its original Complaint of Intervention in November 2018. The parties have more than three months to complete discovery in this matter. Trial is not set to begin until nearly six months from now. Jung did not unduly delay in seeking to amend its Complaint of Intervention until several months after it intervened in this matter.

The Fifth Circuit has distinguished between amendments that "merely propos[e] alternative legal theories for recovery on the same underlying facts" as set forth in an original complaint and amendments that "would fundamentally alter the nature of the case."[81] "Amendments that fall into the former category generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities. Amendments that fall into the latter category, however, may be denied if the circumstances warrant."[82]

Here, Jung's proposed amended pleading clearly falls into the former category. Nothing about Jung's First Supplemental and Amending Complaint of Intervention will "fundamentally" alter the nature of this suit. Jung's proposed amendment simply clarifies its claims. Accordingly, Jung should be granted leave to file its proposed amended pleading.

---

[80] *Id.*
[81] Mayeaux v. Louisiana Health Serv. & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004).
[82] *Id.*

<u>**CONCLUSION**</u>

For the following reasons, Defendants' First Motion for Summary Judgment is **DENIED**, its Motion to Strike is **DENIED**, and its Second Motion for Summary Judgment is **GRANTED**. To the extent Jung seeks to recover delay-related damages under the Policies, those claims are **DISMISSED WITH PREJUDICE**.

It is further ordered that Jung's Appeal of the Magistrate Judge's April 17, 2019 Order and Reasons is **GRANTED**. Accordingly, the Magistrate Judge's Order is **REVERSED**, and Jung's Motion for Leave to File a First Supplemental and Amending Complaint of Intervention is **GRANTED**. As such, Jung's proposed First Supplemental and Amending Complaint of Intervention (Doc. 148-2) shall be accepted into the record.

New Orleans, Louisiana this 14th day of June, 2019.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**