IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE MCDONNEL GROUP, LLC<br><br>Plaintiff,<br><br>v.<br><br>STARR SURPLUS LINES INSURANCE COMPANY AND LEXINGTON INSURANCE COMPANY<br><br>Defendants. | Case No. 2:18-cv-01380-GGG-JVM<br>c/w 19-2227; 19-2230; 19-10462<br>(Applies to 2:18cv1380)<br><br>Section: T        Division: 1<br><br>Judge: Greg G. Guidry<br><br>Magistrate Judge: Janis van Meerveld |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR LEAVE TO FILE AMENDED ANSWERS**

**COME NOW**, Defendants Starr Surplus Lines Insurance Company and Lexington Insurance Company (collectively "Defendants"), and move the Court to allow them to file the accompanying Amended Answers and Affirmative Defenses to The McDonnel Group, LLC's ("McDonnel") Second Amended and Restated Complaint for Damages ("Second Amended Complaint") as follows:

**I.        SUMMARY OF THE ARGUMENT**

Defendants move the Court to grant them leave to amend their answers to include seven additional affirmative defenses, as set forth in Defendants' proposed Amended Answers and Affirmative Defenses attached hereto as Exhibits A and B, and made a part of this Supporting Memorandum by reference.

As set forth herein, Defendants have demonstrated good cause pursuant to Rule 16(b) to file their Amended Answers and Affirmative Defenses past the deadline set forth in the Court's Scheduling Order. Moreover, Defendants should be granted leave to file their Amended Answers pursuant to the liberal standard set forth in Rule 15(a).

## II.     ARGUMENT

### A. Standard

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters. L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). The Fifth Circuit considers the following factors when considering motions to amend pleadings filed after the deadline:[1] "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 535 (brackets in original) (internal quotations omitted); *see also Gaudet v. Am. Home Shield Corp.*, No. 11-1857, 2013 WL 12238499, at *1 (E.D. La. Sept. 10, 2013).

Once the movant demonstrates good cause to modify the scheduling order, "the more liberal standard of Rule 15(a) appl[ies] to the district court's decision to grant or deny leave." *S&W Enters.*, 315 F.3d at 536, 536 n.4 ("[W]e conclude that the presence of a scheduling order renders the Rule 15 inquiry secondary."); *see also Gaudet v. Am. Home Shield Corp.*, No. 11-1857, 2013

---

[1] "In the context of allowing untimely submission of expert reports, this Court has applied a four-part test to determine whether the district court's refusal to modify its scheduling order was an abuse of discretion. We find this test appropriate as well in the context of untimely motions to amend pleadings." *S&W Enters.*, 315 F.3d at 536.

2

WL 12238499, at *1 (E.D. La. Sept. 10, 2013) (citing *S&W Enters.*, 315 F.3d at 536 for same proposition). Under Rule 15(a)(2), motions for leave to amend are feely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to allow a party to amend its pleading, "the court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice by virtue of the amendment, and futility of amendment." *Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 541 (E.D. Tex. 2000) (quoting *In the matter of Southmark Corp.*, 88 F.3d 311, 315-16 (5th Cir. 1996) (internal quotations and citations omitted)).

### B. Defendants have shown good cause to file their Amended Answers and Affirmative Defenses after the deadline in the Scheduling Order.

#### 1. Defendants' explanation for the failure to timely move for leave to amend their answers weighs in favor of allowing the amendment.

Defendants did not know, and could not have reasonably known with the exercise of due diligence, of McDonnel's fraudulent acts and material misrepresentations, as set forth in detail in the proposed Amended Answers and Affirmative Defenses, attached as Exhibits A and B, prior to the deadline to file amended pleadings in the Scheduling Order [ECF No. 29], June 22, 2018. For example, Defendants did not learn until they recently took the corporate deposition of McDonnel that McDonnel had only been paid 4.5% fee by Jung despite the fact that McDonnel represented to Defendants that its fee was 6%. Defendants relied upon McDonnel's representation that it had been paid a 6% fee, and paid McDonnel based on that representation. Similarly, Defendants did not learn until they recently took the corporate deposition of McDonnel that McDonnel had never been paid any "contingency fee" by Jung despite the fact that McDonnel represented to Defendants that it billed an 8% fee for "contingencies" to Jung and was paid that "fee." Defendants relied upon McDonnel's representation that it had billed and been paid an 8% "contingency" by Jung, and paid

3

McDonnel based on that representation. These are two of the examples of fraudulent acts and material misrepresentations by McDonnel to Defendants. Defendants only recently learned of the aforementioned fraudulent acts and material misrepresentations as outlined herein and in the proposed amended answers during recent discovery, including the depositions of McDonnel, Jung, and Joe Jaeger, taken on December 6 and 16, 2019 and December 5, 2019, respectively. The continuation of Jung's/Jaeger's deposition is scheduled for January 9, 2020. This factor weighs in favor of amendment.

### 2. The proposed amendment is important.

Defendants' proposed Amended Answers and Affirmative Defenses include seven additional affirmative defenses relevant to the newly discovered fraudulent acts and misrepresentations by McDonnel. It is vitally important that Defendants are able to assert affirmative defenses to these newly discovered fraudulent acts and material misrepresentations. The proposed additional affirmative defenses include the Policy provision relating to fraud and misrepresentation, the affirmative defense of fraud and misrepresentation, and the details of the fraudulent acts and misrepresentations by McDonnel. Defendants should be allowed to assert these acts and misrepresentations and the specific policy provisions as defenses. This factor weighs in favor of allowing the amendment.

### 3. There is no potential prejudice in allowing the amendment.

McDonnel will not suffer prejudice if Defendants are able to file their proposed Amended Answers and Affirmative Defenses. Defendants merely seek to defend themselves against McDonnel's fraudulent actions and misrepresentations. If McDonnel has committed no fraudulent acts or misrepresentations, it has no reason to oppose the amendment, and will suffer no prejudice. On the other hand, if McDonnel has committed any fraudulent acts or misrepresentations,

Defendants will be prejudiced if they are unable to affirmatively defend themselves against same. This factor also weighs in favor of allowing the amendment.

### 4. No continuance is necessary.

No continuance of any further Scheduling Order deadlines or trial is necessary to cure any potential prejudice. The parties have had the opportunity to depose all relevant parties, third-parties, and witnesses and are scheduled to complete depositions within the time set for discovery. The information, documentation, and testimony regarding McDonnel's claim submissions speak for themselves. Further, any additional questions relative to the proposed affirmative defenses can be addressed at the continuation of Jung/Jaeger's deposition on January 9, 2020, and any continuation of McDonnel's corporate deposition.

### C. Defendants should be granted leave to file their Amended Answers and Affirmative Defenses under the liberal standard of Rule 15(a).

Based on the foregoing factors set forth above, Defendants have demonstrated good cause to file their proposed Amended Answers and Affirmative Defenses after the deadline in the Scheduling Order. *See Davis v. Karl*, No. CV 10-875, 2011 WL 13203134, at *2 (E.D. La. Feb. 2, 2011) (finding that defendant demonstrated good cause under Rule 16(b) for modifying the scheduling order to permit him to plead an additional affirmative defense."). Thus, the more liberal standard of Rule 15(a) applies. *See S&W Enters.*, 315 F.3d at 536, 536 n.4.

Justice requires that Defendants be granted leave to file their proposed Amended Answers and Affirmative Defenses. To deny Defendants leave would only reward McDonnel's behavior. Defendants should have the opportunity to defend themselves with all available affirmative defenses, including those set forth in their proposed Amended Answer. There has been no undue delay, bad faith, or dilatory motive on the part of the Defendants, and McDonnel will suffer no undue prejudice by virtue of the amendment. *See supra*, *Broussard*, 110 F. Supp. 2d at 541; *see*

*also Davis*, 2011 WL 13203134, at *2 (finding that defendant's leave to plead an additional affirmative defense was appropriate under Rule 15(a)(2); although there had been undue delay, there was no indication of bad faith or dilatory motive and plaintiff would not be unduly prejudiced by the amendment).

### III.   CONCLUSION

**WHEREFORE**, Defendants pray that this Court will grant them leave to file the accompanying Amended Answers and Affirmative Defenses to McDonnel's Second Amended Complaint.

Respectfully submitted this the 31st day of December, 2019.

**Starr Surplus Lines Insurance Company and Lexington Insurance Company**

BY:   */s/ Lee Ann Thigpen*
      **Lee Ann Thigpen**

**OF COUNSEL:**

James L. Warren III (PHV)
Lee Ann Thigpen (LA Bar # 36953)
James W. Gunn III (PHV)
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200 (39201)
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:   (601) 592-1010
Facsimile:   (601) 592-6060
jwarren@cwplaw.com
lthigpen@cwplaw.com
tgunn@cwplaw.com

Michael G. Bagneris, Esq. (Bar# 2658)
**DAVILLIER LAW GROUP, LLC**
935 Gravier Street, Suite 1702
New Orleans, Louisiana 70112
Telephone: (504) 582-6998
Facsimile:   (504) 582-6985
mbagneris@davillierlawgroup.com

*Attorneys for Defendants Starr Surplus Lines Insurance Co.
and Lexington Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

This the 31st day of December, 2019.

*/s/ Lee Ann Thigpen*
**Lee Ann Thigpen**