## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE MCDONNEL GROUP, LLC** | **CASE NO. 2:18-cv-1380-GGG-JVM** |
| | **c/w 19-2227; 19-2230; 19-10462** |
| **VERSUS** | |
| | **SECTION: T** |
| **STARR SURPLUS LINES INSURANCE** | |
| **COMPANY** | **DIVISION: 1** |
| | |
| | **JUDGE: GREG GUIDRY** |
| | |
| | **MAGISTRATE JUDGE: JANIS VAN MEERVELD** |
| | **(Applies to: ALL CASES)** |

### THE JUNG, L.L.C.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM*

**MAY IT PLEASE THE COURT:**

The Jung, L.L.C. ("Jung") respectfully submits this Memorandum in Support of its Motion to Compel Compliance with Subpoena *Duces* Tecum, which seeks an order from this Court compelling Madsen, Kneppers & Associates, Inc. ("MKA"), a scheduling expert retained by the insurers to assist with loss adjustment, to comply with the entirety of Jung's Subpoena *Duces Tecum* (the "Subpoena").[1] In response to the Subpoena, on January 10, 2020, MKA provided Jung with a letter containing general, boilerplate objections to the Subpoena as a whole.[2] This letter did not, however, contain any individualized objections, nor did it attach any responsive documents to the eight (8) requests made in Jung's Subpoena. This Court should compel MKA to provide documents responsive to Jung's Subpoena because: (1) MKA's general, boilerplate objections are far too broad and not directed at any of the eight, specific requests made in the Subpoena; and (2) the documents in MKA's possession related to the Jung Hotel are relevant because: (a) the

---

[1] *See* Exhibit A, Subpoena *Duces Tecum* to MKA.
[2] *See* Exhibit B, January 10, 2020 Email and MKA Letter.

Defendants retained MKA as a consultant in this case, (b) MKA's employee Christopher Hrach prepared a Schedule Delay Analysis for the insurers, and (c) on December 20, 2019, the Defendants' identified Mr. Hrach as a witness they may call in the litigation.[3]

I. **Law and Argument**

   a. **MKA should be compelled to provide all responsive, non-privileged documents in its possession.**

The Federal Rules of Civil Procedure take a broad approach with discovery and provide that parties may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[4] If the information or documents sought may lead to the discovery of admissible evidence, they are considered relevant and discoverable.[5] And these rules do not only apply to the parties in the litigation. Indeed, a party may serve a subpoena upon a non-party commanding the production of documents and seeking an order compelling the production of documents should the non-party fail to comply with the subpoena.[6]

Here, Jung's Subpoena seeks eight, specific categories of documents that are relevant to this case under the Federal Rules of Civil Procedure. The Defendant Insurers retained MKA in this matter prior to litigation being filed, and MKA was involved in the adjustment of the claim well before the litigation began.[7] MKA's employee, Christopher Hrach, provided a Schedule Delay Analysis Report that was sent to the Defendants' insurance adjuster, Aaron Prefontaine.[8]

---

[3] *See* Exhibit C, Insurers' Witness List.
[4] Fed. R. Civ. P. 26(b)(1).
[5] *See id.*; *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sough may be relevant to the claim or defense of any party").
[6] *See* Fed. R. Civ. P. 45.
[7] *See* Exhibit D, May 5, 2017 E-mail from Christopher Hrach of MKA to Grayson Bultman of The McDonnel Group, L.L.C., Bates Labeled DEFENDANTS_004593 TO 004595.
[8] *See* Exhibit E, April 4, 2019 MKA Schedule Delay Analysis Report, Bates labeled DEFENDANTS_019035 TO 019044.

Delays to the schedule caused by the various covered loss events in this case and the Defendants' alleged bad faith in adjusting the claim are critical issues set to be tried in the case. Moreover, the Defendants listed Mr. Hrach as a witness who may testify at trial.[9] There can be no doubt that documents concerning MKA's involvement in the Jung Hotel insurance claim are relevant and reasonably calculated to lead to the discovery of admissible evidence. MKA's assertion that the Subpoena seeks documents related to separate subrogation litigation is baseless, as MKA was involved in the Jung Hotel insurance claims prior to litigation.

Jung's Subpoena requests specifically relate to any work or services performed by MKA on behalf of the Defendants and their services rendered in adjustment of the insurance claim. During a meet and confer between Jung and MKA's counsel on January 13, 2020, MKA offered only to provide a list of documents, but not the actual documents that Jung requested. Subsequently, counsel agreed to provide some documents but would not identify to what Subpoena requests it was responding or not responding.[10] Under the Federal Rules, however, MKA must provide the documents because the information sought is relevant and reasonably calculated to lead to the discovery of admissible evidence. If MKA believes that are specific privileges applicable to the documents in their possession, they must identify those privileges and produce non-privileged documents.

MKA, however, has not identified any specific privilege or basis for withholding these documents. Instead, MKA responded to the Subpoena with a letter containing general, boilerplate objections to the Subpoena as a whole.[11] Some of these general, boilerplate objections include:

- "The documents sought in the Subpoena are overbroad, unduly burdensome, and are not limited in time."

---

[9] *See* Exhibit C, Insurers' Witness List.
[10] *See* Exhibit F, January 13, 2020 Email Correspondence Between Jim Warren and Darnell Bludworth.
[11] *See* Exhibit B, January 10, 2020 MKA Letter.

3

- "Subpoena seeks documents that are confidential, proprietary, trade secret, and/or constitutionally protected business information or documents."

- "[D]ocuments are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including documents prepared in anticipation and/or in furtherance of this litigation and/or subsequent to the time this litigation was filed."

- "[D]ocuments that are not relevant or proportional to the needs of this case."[12]

These generalized objections are plainly insufficient to justify withholding the entirety of responsive documents in MKA's possession. First, when a non-party is claiming privilege as an objection to a subpoena, the non-party must "expressly make the claim" and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without reveling information itself privileged or protected, will enable the parties to address the claim."[13] MKA merely asserted boilerplate privilege language and did not in any way describe the documents or extent of the privilege, which is insufficient to justify withholding relevant documents based on a privilege assertion.[14]

As for the other objections asserted by MKA, they are also far too general and overly broad to justify withholding all of MKA's responsive documents. A "party resisting discovery 'must show specifically how . . . each [] [request] is not relevant or how each question is overly broad, burdensome or oppressive.'"[15]  Merely asserting that a discovery request is "'overly broad, burdensome, oppressive and irrelevant' is 'not adequate to voice a successful objection.'"[16] Again, MKA failed to provide any support or explanation for these generalized objections. MKA merely

---

[12] *Id.*
[13] Fed. R. Civ. P. 45(e)(2).
[14] *See Auto Club Family Ins. Co. v. Ahner*, No. CIV.A. 05-5723, 2007 WL 2480322, at *5 (E.D. La. Aug. 29, 2007) ("a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified") (internal citation omitted).
[15] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1980) (internal citation omitted).
[16] *Id.*

made these broad objections and offered no additional basis for withholding documents on these grounds, which is also insufficient to justify its failure to produce responsive documents to the Subpoena.

Lastly, it is important to note that Jung's initial attempt to serve MKA with the Subpoena failed due to no fault of Jung.  Indeed, on December 27, 2019, Jung attempted service on MKA's Louisiana registered agent but service was refused and Jung was informed that MKA's Louisiana registered agent lives in Dallas, Texas.  As a result, Jung was required to take additional time ensuring service was made on MKA, which it was able to do after several attempts on January 2, 2020.  Thus, MKA's assertion that the Subpoena does not allow sufficient time is simply a result of MKA's designation of a registered agent who does not reside in this State and is not a valid basis for failing to produce any documents in response to the Subpoena.

## II.     Conclusion

MKA provided loss adjusting services to the insurers regarding the Jung Hotel and the insurance claims in this case.  MKA is also listed as a witness for the insurers in this case.  As such, the documents requested in Jung's Subpoena are relevant to this case.  Given the relevant nature of the documents requested by Jung and the liberal approach the Federal Rules take regarding discovery, MKA was required to provide specific, detailed objections in order to justify withholding such documents based on privilege or some other basis.  However, MKA failed to do so and merely provided general, boilerplate objections.  These objections are plainly insufficient to justify MKA's failure to provide any documents in response to Jung's Subpoena.  Accordingly, Jung respectfully requests that this Court grant this Motion and enter an order compelling MKA to provide all responsive, non-privileged documents in its possession in response to the Subpoena.

Respectfully submitted,

 */s/ James M. Garner*
James M. Garner (#19589) T.A.
Peter L. Hilbert, Jr.  (#6875)
Darnell Bludworth (#18801)
Kevin M. McGlone (#28145)
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 27th Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR THE JUNG, L.L.C.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the U.S. mail, properly addressed and postage prepaid, and/or by electronic mail, this 15th day of January, 2020.

 /s/ James M. Garner
JAMES M. GARNER