## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE MCDONNEL GROUP, LLC**<br><br>**VERSUS**<br><br>**STARR SURPLUS LINES INSURANCE COMPANY AND LEXINGTON INSURANCE COMPANY** | **CIVIL ACTION NO.  2:18-CV-01380 c/w 19-2227; 19-2230; 19-10462**<br><br>**SECTION: "T" (1)**<br>**(Applies to 19-2227)**<br><br>**JUDGE GREG G. GUIDRY**<br><br>**MAG. JUDGE JANIS VAN MEERVELD** |

### MEMORANDUM IN SUPPORT OF
### MOTION TO SET ASIDE MAGISTRATE'S ORDER
### AND OBJECTIONS THERETO

**MAY IT PLEASE THE COURT:**

Bernhard MCC, L.L.C. ("BMCC"), respectfully objects to the Magistrate Judge's Order and Reasons granting Insurers' (Starr Surplus Lines Insurance Company ("Starr") and Lexington Insurance Company ("Lexington") (collectively, "Insurers")) Motions for Leave to File Amended Answers to BMCC's Amended Complaint.  (Insurers' motion for leave is Rec. Doc. 393, and the Order granting the motion is Rec. Doc. 441.)

BMCC adopts and incorporates all legal and applicable factual arguments asserted by The McDonnel Group, LLC, in its objections to Rec. Doc. 441 (not yet filed, to BMCC's knowledge).

BMCC further shows that, since the issuance of Rec. Doc. 441, BMCC has issued Amended Rule 26 Disclosures and a supplemental expert report that completely moot the basis for Insurers' motion.  In addition, the Magistrate's ruling is clearly erroneous substantively, because it permits Insurers to seek rescission of contract damages that are not available here, and procedurally, because it permitted Insurers to assert causes of action through affirmative defenses. Therefore, BMCC respectfully requests the Magistrate's Order be set aside per Federal Rule 72.

## I.   <u>The Magistrate's Ruling is Erroneous Substantively and Procedurally</u>

The Magistrate's Order should be set aside because it is clearly erroneous in two ways.

### A.   The damages Defendants seek under Article 1958 are *Rescission of Contract* damages, but this alleged defense has nothing to do with Rescinding a Contract.

First, the ruling essentially permitted Insurers to claim damages under Article 1958 of the Louisiana Civil Code, which Article permits a claim for damages when a *contract is rescinded*. Defendants are not seeking to rescind the insurance policy.  Rather, they rely on an exclusion provision in the policy.  Permitting Insurers to claim damages for rescission of a contract, which cause of action requires deficiencies in a contract's formation that are not present and have not been pleaded in this case, was clearly wrong.

### B.   Insurers have filed a claim for damages in their defense, ignoring the legal requirements to assert a Counterclaim to make a claim for damages, and doing so outside the time permitted by procedural rules and this Court.

Second, the ruling allowed Insurers to improperly assert a cause of action as an affirmative defense for "recoupment and set-off," instead of requiring Insurers to file a timely counterclaim for this relief.  Affirmative Defense 29 in Rec. Docs. 444 and 445 states that Starr and Lexington "affirmatively pleads the defenses of recoupment and set-off."  Likewise, Defendants' Supplemental Initial Disclosures dated January 24, 2020, provides:

> Defendants further seek recoupment of any payments previously paid to McDonnel or any other party for the claims submitted under the Policy based on or including fraud and/or material misrepresentations or omissions by McDonnel or any other party. Defendants also seek all allowable under La. Civ. Code Ann. art. 1958, to the extent applicable.[1]

Insurers seek monetary damages but have not filed a counterclaim as required by the Federal Rules of Civil Procedure.  The Order and Reasons allows them to assert this improper "affirmative defense" and to circumvent the Federal Rules and the Court's scheduling order

---

[1] *See* Exhibit A, at 7.

4813-3613-9955, v. 1

deadline to assert claims.  Moreover, the Insurers will undoubtedly seek to add "recoupment" on the jury charges and jury verdict forms, which is also improper because this claim for alleged damages has not properly been pled.  At a minimum, the affirmative defense should be stricken.

## II.   The Allegations in Insurers' Defenses Pertaining to BMCC are Moot

The Magistrate's Order should be set aside according to Rule 72, because, as it pertains to BMCC, it is clearly erroneous as the basis for Insurers' motion is now moot.  On Page 11 of Rec. Doc. 441, the Court noted BMCC had not yet affirmatively given insurers a credit for the accidental double-billing in BMCC's claim.  (BMCC had estimated field management portions of its general conditions for the March 10, 2017 claim, for example, but those amounts were already accounted for in its overall extended general conditions claim that was prepared by its expert witness in this matter.)  Accordingly, the Court reasoned that "[u]nder the circumstances then, the defense concerning the field management costs is not moot."  Shortly after the hearing referred to in Rec. Doc. 441, BMCC indeed affirmatively gave Insurers credit for the accidental duplicative costs, by detailed Amended Rule 26 Disclosures (attached hereto as Exhibit B) and a supplemental expert report (attached hereto as Exhibit C).  Therefore, this issue is moot.

## III.   Conclusion

Accordingly, BMCC objects to the findings and recommendations (styled "Order and Reasons," Rec. Doc. 441) in accordance with Rule 72.  BMCC prays that the Court set aside the Order and Reasons of the Magistrate Judge and deny Insurers' Motion for Leave to File Amended Answers to BMCC's Amended Complaint (Rec. Doc. 393).

*[Signatures Follow on the Next Page]*

4813-3613-9955, v. 1

Respectfully submitted:

**RIESS LEMIEUX, LLC**

By:   */s/Michael R. C. Riess*
         Michael R. C. Riess (#2073)
         Michael D. Lane (#30364)
         John W. Bihm (#33012)
         1100 Poydras Street, Suite 1100
         New Orleans, Louisiana 70163
         Telephone:  (504) 581-3300
         Facsimile:  (504) 581-3310
         E-mail:  mriess@rllaw.com
         E-mail:  mlane@rllaw.com
         E-mail:  jbihm@rllaw.com

         *Attorneys for Plaintiff,*
         *Mechanical Construction Company, L.L.C.*
         *n/k/a Bernhard MCC, L.L.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record on this 31st day of January, 2020.  I also certify that the filing will be served upon defendants in accordance with the Federal Rules of Civil Procedure.

         */s/Michael R. C. Riess*

4