# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE MCDONNEL GROUP, LLC | CIVIL ACTION NO. 18-1380 c/w 19-2227, 19-2230, 19-10462 |
| VERSUS | |
| STARR SURPLUS LINES INSURANCE COMPANY | SECTION: T(1) |

## ORDER

Before the Court is a Motion for Partial Summary Judgment (R. Doc. 305) filed by plaintiff, The McDonnel Group, LLC ("McDonnel Plaintiff"). Starr Surplus Lines Insurance Company and Lexington Insurance Company (collectively, "Defendants") have filed an opposition (R. Doc. 335). Also before the Court is a related Motion for Partial Summary Judgment Regarding Flood Deductible (R. Doc. 309) filed by plaintiff, Mechanical Construction Company, L.L.C. n/k/a Bernhard MCC, L.L.C. ("BMCC Plaintiff"). Defendants have filed an opposition (R. Doc. 336). Intervenor, The Jung, L.L.C. ("Intervenor Jung") has also filed a Motion for Partial Summary Judgment as to Calculation of Deductible for Damages Caused by Flood (R. Doc. 329), which Defendants oppose (R. Doc. 334). Finally, Defendants have filed a Cross-Motion for Partial Summary Judgment (R. Doc. 337), which is opposed by BMCC Plaintiff (R. Doc. 352), Intervenor Jung (R. Doc. 353), and McDonnel Plaintiff (R. Doc. 354).

The pending motions for summary judgment involve the calculation and application of the flood deductible for insurance policies issued by Defendants. McDonnel Plaintiff, BMCC Plaintiff, and Intervenor Jung each request the Court to declare that the deductible for an August 5, 2017 flood occurrence under the insurance policies at issue was $500,000. Defendants request that the Court to declare the deductible for the August 5, 2017 flood occurrence was approximately $3,443,475.

1

For the following reasons, the Motion for Partial Summary Judgment (R. Doc. 305), the Motion for Partial Summary Judgment Regarding Flood Deductible (R. Doc. 309), and the Motion for Partial Summary Judgment as to Calculation of Deductible for Damages Caused by Flood (R. Doc. 329) are **DENIED.** The Cross-Motion for Partial Summary Judgment (R. Doc. 337) is **GRANTED.**

## BACKGROUND

This lawsuit arises out of the renovation of the Jung Hotel and Residences in New Orleans (the "Project"). In late 2014, Intervenor Jung hired McDonnel Plaintiff to be the general contractor on the renovation. In early 2015, McDonnel Plaintiff purchased builder's risk insurance policies (the "Policies") from Defendants. Under the Policies, each Defendant insured 50% of the renovation project. The Policies had an effective policy period of February 23, 2015 through February 23, 2017, and a Total Insured Value of $76,086,833. The Policies were subsequently extended through multiple endorsements to August 22, 2017, with a revised Total Insured Value of $86,086,833. Although there are several claims at issue in this litigation, the only claim relevant to the instant motions is claim for damages resulting from the August 5, 2017 flood event.

On August 5, 2017, a heavy rain event caused extensive physical damage during the construction of the Project. On August 7, McDonnel Plaintiff provided a Notice of Loss to Defendants. McDonnel Plaintiff claimed damages of $3,226,164.30 for the flood event. Defendants calculated the flood deductible to be approximately $3,443,475, and, therefore, determined that McDonnel Plaintiff's claimed damages fell below the applicable flood deductible. However, McDonnel Plaintiff, BMCC Plaintiff, and Intervenor Jung assert that the applicable flood deductible was $500,000 and that McDonnel Plaintiff was entitled to the remaining

$2,726,164.30 after application of the $500,000 flood deductible. The Policies contain the following pertinent provisions:[1]

**9. LIMIT OF LIABILITY**

***

**C. Term Aggregate Limits of Liability:**

Notwithstanding the foregoing and irrespective of the above stated Limit of Liability, the maximum amount this Company will pay for loss or damage from any one **OCCURRENCE\*,** and/or in the aggregate for combined Physical Damage loss from all **OCCURRENCES\***, in any one policy term shall not exceed the following amounts for loss caused by, resulting from, contributed to, or aggravated by the following perils, for all coverages combined, unless otherwise limited by the sublimits stated above:

***

**$10,000,000** by the peril of **FLOOD\*** -- Term Aggregate

***

11. DEDUCTIBLES:

From the amount of each claim for insured loss or damage arising out of any one occurrence, there shall be deducted the applicable amount shown below, and then the liability of this Company shall be only for the amount of such insured loss or damage in excess thereof, subject to the limit of liability, sublimits of liability or annual aggregate limits of liability set forth above:

$100,000 as respects **LAND MOVEMENT\*.**
 5% of the total insured values at risk at the time and place of loss subject to a $500,000 minimum deduction as respects as respects **FLOOD\***.
5% of the total insured values at risk at the time and place of loss subject to a $500,000 minimum deduction as respects the peril of **NAMED WINDSTORM\***.
$50,000 as respects **WATER DAMAGE\*** other than **FLOOD\*.**
$25,000 as respects all other perils Physical Damage.

In the event that more than one deductible shown above or specified in any endorsement issued hereunder shall apply to insured physical loss or damage in any one Occurrence, only the largest shall be applied. Where an extension of coverage applies the base property damage deductible shall apply unless otherwise stated.

***

**PROJECT EXTENSION ENDORSEMENT**

---

[1] R. Doc. 305-2, Defendants000081- Defendants000110.

3

***

Revised Total Insured Value: From $76,086,883 **to $86,086,883** = **Additional $10,000,000**.

Based on the quoted language, McDonnel Plaintiff, BMCC Plaintiff, and Intervenor Jung each claim that the Policies clearly provide a $500,000 flood deductible. However, Defendants claim that the flood deductible was $3,443,475. Specifically, Defendants explain that the flood deductible is "5% of the total insured values at risk at the time and place of loss subject to a $500,000 minimum deduction."[2] The "total insured values at risk at the time and place of loss" is the Total Insured Value of the Project multiplied by the percentage of completion at the time of loss.[3] At the time of the August 5, 2017 flood event, the Project was approximately 80% complete, and, thus, the total insured values at risk at the time and place of loss was $68,869,506 (80% multiplied by $86,086,883, the insured value of the Project).[4] Therefore, Defendants contend, the August 5, 2017 flood event was subject to a deductible of approximately $3,443,475 ($68,869,506 multiplied by 5%).

## **LAW AND ANALYSIS**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or

---

[2] R. Doc. 337-1, p.2.
[3] R. Doc. 337-1, p.2.
[4] R. Doc. 337-1, p.2.
[5] Fed. R. Civ. P. 56(a).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[8] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[9]

In *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583 (La. 2007), the Louisiana Supreme Court laid out the comprehensive framework for interpreting insurance policies under Louisiana law, explaining that "[i]n analyzing insurance policies, certain elementary legal principles apply. First and foremost is the rule that an insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code."[10] According to the general rules of interpretation of contracts, the court must determine the parties' common intent.[11] Courts begin their analysis of the parties' common intent by examining the words of the insurance contract itself.[12] In ascertaining the common intent, words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning.[13]

---

[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[8] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[9] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[10] *Sims*, 956 So. 2d at 588-89 (*citing LeBlanc v. Aysenne*, 921 So. 2d 85, 89 (La. 2006); *Edwards v. Daugherty*, 883 So. 2d 932, 940 (La. 2004); *Cadwallader v. Allstate Insurance Co.*, 848 So. 2d 577, 580 (La. 2003); *Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Co.*, 630 So. 2d 759, 763 (La. 1994)).
[11] *Sims*, 956 So. 2d at 589 (*citing* La. Civ. Code art. 2045; *Edwards,* 883 So. 2d at 940; *Cadwallader*, 848 So. 2d at 580; *Blackburn v. National Union Fire Insurance Co. of Pittsburgh*, 784 So. 2d 637, 641 (La. 2001)).
[12] *See* La. Civ. Code art. 2046.
[13] *See* La. Civ. Code art. 2047.

An insurance contract is to be construed as a whole and each provision in the contract must be interpreted in light of the other provisions.[14] One provision of the contract should not be construed separately at the expense of disregarding other provisions.[15] When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and courts must enforce the contract as written.[16] If, after applying the general rules of contractual interpretation to an insurance contract, an ambiguity remains, the ambiguous contractual provision is generally construed against the insurer and in favor of coverage.[17] The determination of whether a contract is clear or ambiguous is a question of law.[18]

In this case, the language of the Policies is clear and unambiguous. With respect to the deductible applicable to the August 5, 2017 flood event, the Policies state "[f]rom the amount of each claim for insured loss or damage arising out of any one occurrence, there shall be deducted the applicable amount … 5% of the total insured values at risk at the time and place of loss subject to a $500,000 minimum deduction as respects as respects FLOOD*."[19] The total insured values at risk on August 5, 2017 at the Project site was 80% of the total insured value of $86,086,883,[20] totaling $68,869,506. Thus, the applicable deductible was approximately $3,443,475 (5% of $68,869,506). Therefore, Defendants are entitled to summary judgment as a matter of law declaring that Defendants properly calculated the flood deductible as approximately $3,443,475 pursuant to the terms of the Policies.

---

[14] *Sims*, 956 So. 2d at 589.
[15] *See* La. Civ. Code art. 2050; *Hill v. Shelter Mutual Insurance Co.*, 935 So. 2d 691, 694 (La. 2006).
[16] *See* La. Civ. Code art. 2046.
[17] *See* La. Civ. Code art. 2056.
[18] *Edwards*, 883 So. 2d at 941; *Cadwallader*, 848 So. 2d at 580; *Louisiana Insurance Guaranty Association*, 630 So. 2d at 764.
[19] R. Doc. 305-2, Defendants000086.
[20] R. Doc. 305-2, Defendants000121.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Partial Summary Judgment (R. Doc. 305), the Motion for Partial Summary Judgment Regarding Flood Deductible (R. Doc. 309), and the Motion for Partial Summary Judgment as to Calculation of Deductible for Damages Caused by Flood (R. Doc. 329) are **DENIED.**

**IT IS FURTHER ORDERED** that the Cross-Motion for Partial Summary Judgment (R. Doc. 337) is **GRANTED.**

**New Orleans, Louisiana**, on this 11th day of February, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**