# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE MCDONNEL GROUP, LLC | CIVIL ACTION 18-01380 C/W 19-2227; 19-2230; 19-10462 |
| VERSUS | |
| STARR SURPLUS LINES INSURANCE COMPANY AND LEXINGTON INSURANCE COMPANY | SECTION: "T"(1) |

## AMENDED ORDER

Before the Court is a Joint Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), Entry of a Final Judgment Pursuant to FRCP 54(b), and Motion to Continue Trial[1] filed by intervenor, The Jung, L.L.C., and plaintiffs, The McDonnel Group, LLC, Mechanical Construction Company, L.L.C. n/k/a Bernhard MCC, L.L.C., and All Star Electric, Inc. (collectively, "Plaintiffs"). Starr Surplus Lines Insurance Company and Lexington Insurance Company (collectively, "Defendants") have filed a response memorandum.[2] For the following reasons, the Joint Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), Entry of a Final Judgment Pursuant to FRCP 54(b), and Motion to Continue Trial[3] is **GRANTED.**

## BACKGROUND

This litigation arises out of a series of builder's risk events that occurred during renovations at the Jung Hotel in New Orleans, Louisiana, and the adjustment of those claims by Defendants. Although there are several claims at issue in this litigation, the only claim relevant to the instant motion is the claim for damages resulting from an August 5, 2017 flood event ("August 5 Event"). The August 5 Event caused damage to the basement and first floor of the Jung Hotel. Plaintiffs filed summary judgment motions requesting the Court to declare that the deductible for the August

---

[1] R. Doc. 671.
[2] R. Doc. 674.
[3] R. Doc. 671.

1

5, 2017 flood occurrence under the insurance policies at issue was $500,000.[4] Defendants filed a cross-motion for summary judgment requesting that the Court declare the deductible for the August 5, 2017 flood occurrence was approximately $3,443,475.[5]

On February 11, 2020, this Court issued its Order ("the February 11 Order") denying Plaintiffs' motions and granting Defendants' cross-motion for summary judgment.[6] On February 17, 2020, Plaintiffs filed a motion requesting the Court certify the February 11 Order for interlocutory appeal pursuant to 28 U.S.C. §1292(b), enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b), and continue trial.[7]

## LAW AND ANALYSIS

**A. Certification of a Final Judgment Under Rule 54(b)**

A party may move for entry of final judgment under Federal Rule of Civil Procedure 54(b). Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In evaluating a motion to certify judgment under Rule 54(b), a district court must make two determinations. First, the district court must determine that "it is dealing with a 'final judgment.'"[8] The judgment is deemed final if "it is 'an ultimate disposition of an individual claim entered in the

---

[4] R. Docs. 305, 309, and 329.
[5] R. Doc. 337.
[6] R. Doc. 661.
[7] R. Doc. 671.
[8] *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7 (1980).

2

course of a multiple claims action.'"[9] The second finding the district court must make is that there is no just reason for delay in the entry of final judgment.[10]

In this case, Plaintiffs move the Court to enter a final judgment pursuant to Rule 54(b) finding that the February 11 Order has dismissed any claim for damages and extended general conditions relating to the August 5 Event and that there is no just reason for further delay.[11] Defendants do not oppose entering a final judgment pursuant to Rule 54(b) and agree that the February 11 Order disposes of the August 5 claim in its entirety as to all Plaintiffs.[12] The Court finds that the February 11 Order is a final determination of all Plaintiffs' claims related to the August 5 Event. Additionally, the Court finds there is no just reason for delay in entering a final judgment on these claims. The claims at issue in the February 11 Order are separate and distinct from the remaining claims in the lawsuit, and there is no risk of piecemeal appeals.

Because the Court finds that the February 11 Order is a final judgment on Plaintiffs' claims related to the August 5 Event and because there is no just reason for delay, the Court will enter final judgment on its February 11 Order pursuant to Rule 54(b).

### B. Certification of Interlocutory Appeal Under 28 U.S.C. §1292(b)

Pursuant to 28 U.S.C. § 1292, a court can allow for interlocutory appeal of orders without directing entry of a final judgment on the order. Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the

---

[9] *Id*. at 7.
[10] *Id*. at 8.
[11] R. Doc. 671-1, p.2.
[12] R. Doc. 674.

litigation.[13] The moving party carries the burden of showing the necessity of interlocutory appeal.[14] An interlocutory appeal, however, is "exceptional" and assuredly does not lie simply to determine the correctness of a judgment."[15]

The Court finds that Plaintiffs have established that the February 11 Order involves a controlling question of law because the order dismissed the Plaintiffs' claims related to the August 5 Event, significantly simplifying the issues for trial. "[Q]uestions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial."[16] If the February 11 Order is reversed after a final judgment at the March 9, 2020 trial, the parties would incur substantial costs over the course of a second trial related to the August 5 Event. Therefore, the Court finds that the February 11 Order involves a controlling question of law.

The Court also finds that there is substantial ground for disagreement concerning the February 11 Order. While the Court interpreted the provision at issue to mean that the deductible for the August 5, 2017 flood occurrence was approximately $3,443,475, the Court acknowledges that the Florida district court opinion in *Terra-Adi Int'l Dadeland, LLC v. Zurich Am. Ins. Co.*, 2007 WL 675971, at *1 (S.D. Fla. Mar. 1, 2007) addressed similar contractual language and decided the issue differently. Therefore, the Court finds that Plaintiffs have established that there is substantial ground for disagreement with the February 11 Order.

Finally, the Court finds that an immediate appeal from the order would materially advance the ultimate termination of the litigation. The February 11 Order disposes of the August 5 claim in

---

[13] *See* 28 U.S.C. § 1292(b). *See also Complaint of L.L.P. & D. Marine, Inc.*, 1998 WL 66100, at * 1 (E.D.La. Feb.13, 1998).
[14] *Chauvin v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4365387, at *2 (E.D.La. Dec.11, 2007).
[15] *Clark–Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th Cir.1983).
[16] 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3930 (2d ed.2008).

4

its entirety, and a reversal of the February 11 Order would require the parties to proceed with trial regarding the August 5 Event and produce evidence to support Plaintiffs' claims related to the August 5 Event.

Because the Court finds the issue in the February 11 Order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the Court will certify the February 11 Order pursuant to 28 U.S.C. § 1292.

### C. Continue Trial Pending Appeal

Plaintiffs have also moved to continue the March 9, 2020 trial date. Plaintiffs contend that if trial proceeds on March 9, 2020 and the Court's February 11 Order is later reversed, the parties will be required to proceed with a second trial regarding the August 5 Event.[17] The Defendants have expressed no opposition to a continuance. The Court finds that judicial economy and efficiency will be served by a continuance of the March 9, 2020 trial date. Therefore, the Court will continue the March 9, 2020 trial without date.

### CONCLUSION

Accordingly, for the foregoing reasons, the Joint Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), Entry of a Final Judgment Pursuant to FRCP 54(b), and Motion to Continue Trial[18] is **GRANTED.**

New Orleans, Louisiana, on this 4th day of March 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 671, p.11.
[18] R. Doc. 671.